## Boyd *against* Stubbs.

No appeal lies' from an award of referees appointed according to the provisions of the acts of 1705 or 1806. And if an appeal be entered, it is void; and no lapse of time or acquiescence of the parties will give it validity, so as to enable the court of common pleas to entertain jurisdiction of it.

ERROR to the district court of *Lancaster* county.

John Stubbs and Daniel Stubbs, administrators of Vincent Stubbs deceased, against Nicholas Boyd, surviving partner of Stephen and Nicholas Boyd. Amicable action to November term 1823. On the 15th September 1823, the parties entered into and filed this agreement:

"We mutually agree that all matters in variance between the parties be referred, by rule of court, to Jeremiah Brown, John Kirk, and Joshua Webster, or any two of them, who are to meet on the 26th instant, at the house of John Ballance, innkeeper, and make report of their proceedings into the prothonotary's office."

On the 2d October 1823, the referees made the following award:

"In pursuance of the annexed order, we, the arbitrators therein named, all met several times, and being qualified according to law,

[Boyd v. Stubbs.]

we proceeded to examine the accounts of John Stubbs, one of the administrators of Vincent Stubbs deceased, and Nicholas Boyd, surviving partner of Stephen Boyd and Nicholas Boyd, and after adjusting the books and accounts produced to us,

|  |  |  |  |
|---|---|---|---|
| "The whole amount of the plaintiff's charge is | £423 | 5 | 7½ |
| "And the defendant's credit is . . . . . . . | 306 | 2 | 11¼ |
| "Due from the firm to the plaintiff . . | 117 | 2 | 8 |
| "We also find in the same books, that Stephen Boyd, one of the above firm, has received of Vincent Stubbs's estate . . . . . . . . | 240 | 19 | 9 |
| "And Nicholas Boyd only . . . . . . . . | 22 | 0 | 1 |
| "And that they both stand charged with . . . | 160 | 5 | 9 |
| "We therefore find for the plaintiff . . . . . | 117 | 2 | 8 |
| "With 18 years interest, up to this date, is . . . | 128 | 5 | 0 |
|  | £245 | 7 | 8 |

"And further, we have been informed that Samuel Boyd, one of the administrators of Stephen Boyd deceased, has an account of Stephen's that we expect would have shown some light on the business; but it was not produced, nor would he appear before us, although he was summoned.

"Witness our hands, this 2d of the 10th month 1823.

"JEREMIAH BROWN,
"JOHN KIRK,
"JOSHUA WEBSTER.

"P. S. We agree that either party may appeal if they think proper."

The defendant paid the costs and did appeal; and the plaintiff's attorney received his costs from the prothonotary.

On the 14th June 1833, the plaintiff's attorney obtained a rule to show cause why the appeal should not be set aside, and why judgment should not be rendered on the award.

Upon argument, the court below (Hays, President) set aside the appeal, and permitted exceptions to be filed to the award, *nunc pro tunc.* When the following exceptions were filed:

1. The court having decided that the agreement in the above case was under the act of 21st March 1806; the same ought to have been attested and proved, as required by the provisions of that act, before it was filed.

2. The referees were to meet by the agreement on the 26th September, A. D. 1823, and it does not appear from the report that they met on that day, or on any other day than the 2d of the 10th month. 1823; nor had they power to adjourn from day to day.

3. It does not appear that the referees were sworn or affirmed according to law.

[Boyd v. Stubbs.]

4. All the claims of plaintiffs were of eighteen years' standing, unfounded in justice, and barred by the statute of limitations.

5. The referees certify that they examined the accounts of John Stubbs, one of the administrators of Vincent Stubbs, deceased, but do not state the amount of the accounts of the deceased, nor that the same were produced. They therefore decided upon matters not submitted, and without the requisite proof.

6. They state that they find in the same book (that is, John Stubbs, as before mentioned), that Stephen Boyd received of Vincent Stubbs's estate, 240 pounds 19 shillings and 9 pence; and Nicholas Boyd only 22 pounds 1 penny; and that both stand charged with 160 pounds 5 shillings and 9 pence. They then charge defendant with the whole amount of these items; although it does not appear at what time the said sums were received, nor that they were received by the firm; but it appears that two of the items were received by the said Stephen and Nicholas individually, and not as partners; nor is it alleged that the books or accounts were proved at the time of their production.

7. The arbitrators admit that they wanted light, and that there was evidence withheld which ought to have been produced.

8 The award is uncertain and illegal; is not mutual, and is subversive of the rights of defendant; a large balance being due to him from the plaintiffs.

9. The partnership between Nicholas and Stephen Boyd existed for the special purpose of raising and selling wheat, and was dissolved in 1802; and at the time of dissolution defendant believes there was a large balance in his favour.

These exceptions were also overruled by the court, and judgment rendered upon the award.

Errors assigned.

1. The court erred in the opinion delivered, setting aside the appeal made by defendants, and acquiesced in by plaintiffs; and in the reasons for such opinion, and in the determination that the agreement and proceedings were under the act of 21st March 1806.

2. The counsel for the defendant below having protested (after the decision of the court, which is made the subject of the first error assigned), that they believed the appeal in the cause to be a valid and subsisting appeal; and reserving their right to a writ of error to the opinion and judgment of the court, setting aside said appeal; filed the exceptions to the award, which are upon the record. The court erred in dismissing the exceptions and rendering judgment upon the award: the several exceptions there taken being reassigned and incorporated in this, the second error assigned, in the same manner as if particularly set forth.

*Montgomery* and *Champneys*, for plaintiff in error, contended, that the acquiescence by the plaintiff in the appeal, and taking the costs out of court, made it valid. 5 *Binn.* 387; 3 *Serg. & Rawle* 238;

8 *Serg. & Rawle* 526. The award was not made under the act of 1806, because not sealed up and directed to the prothonotary. 3 *Serg. & Rawle* 364; 13 *Serg. & Rawle* 128; 1 *Rawle* 317.

The court declined to hear the counsel on the other side.

The opinion of the Court was delivered by

SERGEANT, J.—This submission was an amicable one, created by the mutual consent of the parties to leave the decision of the matters in dispute between them to judges of their own choosing. It has none of the features of a compulsory arbitration under the act of 20th March 1810, by which, as either party might compel a reference against the will of the other, an appeal is allowed. Before the act of 1810, an appeal from an award of arbitrators was never heard of, and since that act it has taken place only under its provisions. Being thus an amicable reference, in a suit pending, of all matters in variance between the parties, it falls within either the act of 1705, or the act of 1806, and its supplement; and it can make no difference as to the right of appeal claimed, which of these acts embraces the present case, because neither of them authorises an appeal. It has not been pretended that the arbitrators could authorise an appeal by any direction of theirs annexed to their award.

The main ground on which the defendant insists on the validity of his appeal is, that the plaintiff's attorney acquiesced in it, by taking out of the prothonotary's office the costs which the defendant had paid in on his appeal; by suffering the cause to be transferred to the district court, and by permitting ten years to elapse without objection. Had the reference been under the act of 1810, these circumstances might have amounted to a waiver of an irregularity in the manner of entering the appeal, according to the decisions of this court in the cases cited. But the difficulty is that the submission and award not being under the act of 1810, the appeal was void *ab initio*, and could not be rendered good by lapse of time or acquiescence. A party may, by his acts or omissions, waive an objection to irregularity in the time or mode of appealing, where the court has jurisdiction : a voidable act may be ratified. But such acts cannot confer a jurisdiction not given by law, nor make a void act valid. *Quod ab initio non valet, in tractu temporis non convalescit.*

Then as to the objections arising on the face of the award, which is all this court can look to, when brought up by writ of error. The allegation of the defendant is that the arbitrators have charged the defendant with the individual debts of the two Boyds. I do not, however, so understand the award. It states a balance of 117 pounds 2 shillings and 8 pence due *from the firm* to the plaintiff, and then adds that of the whole sum of 423 pounds 5 shillings 7 and a half pence charged, Stephen Boyd, *one of the firm*, had received 240 pounds 19 shillings and 9 pence, and Nicholas only 22 pounds and 1 penny. This is intended, it seems to me, merely to explain

[Boyd v. Stubbs.]

how much of the debt due by the firm had passed into the hands of the respective partners. But if they received it as partners, the firm is, nowithstanding, debtor to the plaintiff for the whole, and not the members of the firm as individuals.

Judgment affirmed.