# Painter *versus* Kistler.

1. Where there is an agreement to refer an action pending in court, consent to make it a rule of court will be implied although omitted in the agreement, where the intent is apparent, which will be presumed from the reference in the absence of a contradictory provision.

2. All the arbitrators must hear the case and deliberate, but this need not appear on the face of the award.

3. The presumption is that the proceedings of arbitrators are regular; if not, it should be made a matter of exception in the court below.

4. If arbitrators act irregularly or unlawfully, the court will examine into the matter on exceptions and give relief in a summary way.

5. In an agreement to refer it is better to state under what act the reference is made, but it is not necessary to the validity of the proceedings.

6. The right to costs on an award does not depend on the submission or special terms of the award, but on the Statute of Gloucester.

[*Painter v.* Kistler.]

7. Full costs are recoverable on an award in an action of trespass after an appeal from a justice of the peace, although the award is under $5.33.

October 31st 1868. Before READ, AGNEW, SHARSWOOD and WILLIAMS, JJ. THOMPSON, C. J., absent.

Error to the Court of Common Pleas of *Westmoreland county*: To October and November Term 1868.

This was an action of trespass q. c. f. commenced before a justice of the peace by Samuel Kistler against Obadiah Painter, in which the justice rendered judgment for the plaintiff for $30. The defendant appealed to the Court of Common Pleas to August Term 1866. While the action was pending there, the parties entered into an agreement as follows, viz.: "November 29th 1867, we do hereby agree to submit all matters in variance in the above case to John W. Riddle, Paul Brinker and John Stark, whose award or a majority of them shall be final and conclusive between the parties."

An award was made as follows:—

"We the referees * * do report that we find for the plaintiff the sum of $4.50, with costs of suit.

"Witness our hands this 14th day of December, A. D. 1867.

"JOHN W. RIDDLE,<br>"PAUL BRINKER."

On the 22d of January 1868 the defendant's attorney "moved to strike off the award and to strike off the plaintiff's costs."

The motion was denied.

"12th February 1868, rule to show cause why execution should not issue for all the costs. 8th July 1868, rule so modified, on motion of Mr. Foster, as to read judgment on the award with full costs. Same day, rule as modified made absolute."

The defendant took a writ of error, and assigned for error the refusal to strike off the award and costs, and entering judgment on the award with full costs.

*H. P. Laird,* for plaintiff in error.—The submission and award are not under the Act of Assembly or a rule of court, and judgment could not be entered on the award: Brendlinger *v.* Yeagley, 3 P. F. Smith 464. All the arbitrators do not appear to have joined in the award. They had no power over the costs. The damages being less than $5.33, there could be no more costs than damages.

*H. D. Foster,* for defendant in error.

The opinion of the court was delivered, January 5th 1869, by SHARSWOOD, J.—This was an action of trespass *quare clausum*

[Painter v. Kistler.]

*fregit*, which was pending in the court below on an appeal from the judgment of a justice of the peace. By an agreement between the parties, the case was referred to three referees, whose award, or a majority of them, was to be final and conclusive. An award was made by two of the referees named for the sum of $4.50, with costs of suit. No exceptions were filed to the award, but a motion was made by the counsel for the defendant to strike off the award and the plaintiff's costs, which motion was argued and denied by the court. Afterwards, on motion, judgment was entered on the award with full costs.

By the 6th section of the Act of June 16th 1836, Pamph. L. 717, it was enacted that "in all cases where the parties to any suit shall by themselves, their attorneys or agents, consent to a rule of court for referring the matters in controversy in such suit to certain persons mutually chosen by them, the award of such referees, if made according to the submission of the parties, being approved of by the court, and entered upon the record, shall have the same effect and shall be deemed and taken to be as available in law as the verdict of a jury, and the party in whose favor such report shall be made, whether plaintiff or defendant, shall have judgment thereon, and the like process for the recovery thereof as on a verdict in an action commenced by such party." This was in substance a re-enactment of the 3d section of the old Act of 1705, "An Act about Defalcation," 1 Sm. Laws 50.

It has been decided by this court that when there is an agreement to refer an action pending in court, it is not necessary that it should provide that the submission be made a rule of court. Consent to such a rule will be implied whenever the intent of the parties is apparent; and a simple reference to the pending action is held to make it so in the absence of a contradictory provision: McAdams's Ex'rs. *v.* Stilwell, 1 Harris 90; Buckman *v.* Davis, 4 Casey 211.

The award in this case was made according to the submission by a majority of the referees. The Act of 1836 did not intend to deprive the parties of the right to stipulate that less than the whole number of referees may decide: Ford *v.* Keen, 1 Harris 179. It is true, that all must hear the case and deliberate; but it is not necessary that it should appear on the face of the award that this was done. The presumption is, that the proceedings were regular. If not, it should have been made the matter of exception to the award. It has been frequently decided that arbitrators need not reduce their proceedings to writing. If they act irregularly or unlawfully the court will examine into the matter, on exception, and give relief in a summary way: McEntyre *v.* McElduff, 1 S. & R. 19. It was held accordingly in Robinson *v.* Bickley, 6 Casey 384, that if a majority have power to make an award, and do make one, the presumption is, that the

hearing, consultation and execution were regular, and that the minority have refused to join.  In the case before us the award was approved by the court when they ordered judgment to be entered upon it.  Thus all the requisites provided for by the 6th section of the Act of 1836 have been complied with.  It is better, indeed, in every agreement of reference that it should be specified under what act it is made; but it is not necessary to the validity of the proceeding.  Many awards have been supported as made under the Act of 1705, and its successor of 1836, without any reference in the submission to the act: Harris *v.* Hayes, 6 Binn. 422; Kimmel *v.* Shank, 1 S. & R. 24; Boyd *v.* Stubbs, 7 Watts 29; McAdams's Ex'rs. *v.* Stilwell, 1 Harris 90; Buckman *v.* Davis, 4 Casey 211.

It remains to inquire whether the referees had power to award full costs.  The 2d and 4th errors assigned complain that the judgment below was entered with full costs.

In the very brief argument submitted to us in behalf of the plaintiff in error, two reasons are presented to support this point. First. The reference gave the arbitrators no power over the costs; but it is not necessary that it should.  By the express provision of the Act of 1836.the award is to "have the same effect, and shall be deemed and taken to be as available in law as the verdict of a jury."  It has been held accordingly that the right to costs does not depend on the submission, or the special terms of the award, but on the Statute of Gloucester: Bellas *v.* Levy, 2 Rawle 21.   Second. The damages being under $5.33, the plaintiff has no right to a judgment for more costs than damages.   Without stopping to inquire what is the effect of the 2d section of the Act of March 22d 1814, 6 Sm. Laws 182, and the Act of February 13th 1816, 6 Id. 323, in regard to costs in actions of trespass before justices, when these are removed by the defendant by appeals into the Court of Common Pleas, it was decided in Wilkinson *v.* Grey, 14 S. & R. 345, that on an award of arbitrators in trespass *quare clausum fregit*, in favor of the plaintiff for one dollar and the costs of suit, the plaintiff is entitled to full costs.

We have not overlooked the fact that the judgment before the justice was in favor of the plaintiff for $30 and costs; and that on appeal by defendant it was reduced by the award to $4.50; nor the cases of Lewis *v.* England, 4 Binn. 5, and Downs *v.* Lewis, 13 S. & R. 198, in which it was held that on an appeal by the defendant from a justice of the peace, if the plaintiff recovers less on an award of arbitrators than he did before the justice, he is not entitled to costs, nor can the arbitrators give them to him.

But this court held in Hinds *v.* Knox, 4 S. & R. 417, that the rule laid down in these cases as to the power of the arbitrators and juries over costs did not apply to actions of trespass, whether brought originally before justices or not.  " I do not mean," says

[Painter *v.* Kistler.]

Gibson, J., in delivering the opinion of the court, "to controvert in the smallest degree the propriety of that decision (Lewis *v.* England), but only to add one more exception to the principle it contains. When there is a fixed measure of damages, beyond which, as in Lewis *v.* England, the jury cannot go, they must be governed by it; but when they are controlled by no standard, it would be idle and without any practical effect to say they must give damages only as such; for the costs, which are almost always given as a compensation for the injury, would then be given, as in truth intended, by the name of damages."

Judgment affirmed.