## Common Pleas of Philadelphia.

1809.

GUIER *against* M'FADEN.

Saturday,
July 15.

THIS was an action of assumpsit, which was referred by rule of court under the act of 1705, to three persons, who found for the plaintiff " fifteen dollars and *the costs.*" The rule contained no provision as to the costs; and the sum awarded not being sufficient to carry them in this court,

Referees under the act of 1705 cannot award costs of suit in the common pleas, upon a sum, which by the laws giving jurisdiction to justices of the peace, will not carry costs, unless there is an agreement in the rule that they shall have power over the costs, or the plaintiff had made an affidavit before the suit, that he believed the debt was beyond the sum within a magistrate's jurisdiction.

T. *Ross* for the defendant moved that the entry of judgment for the plaintiff should be made without costs. He argued upon the several acts of assembly, giving jurisdiction to justices of the peace, that if a party recovered in this court a verdict or judgment for an amount, and in a plea, of which a justice had jurisdiction, he could not have costs; and he said that an award under a rule of reference, was by the act of 1705 upon the same footing with a verdict. It required a particular stipulation as to costs in the rule, to entitle the referees to give them in such a case.

*Shoemaker* for the plaintiff contended that the costs of suit, unless by an agreement in the rule they were made to abide the *event* of the suit, were always within the power of the referees; for which he cited *Kyd on Awards* 134, and *M'Laughlin* v. *Scott* (a). An award he admitted was by the act of 1705 to have the same *effect* as a verdict; but it by no means followed that the powers of referees were to be limited in the same manner as those of a jury, in the matter of costs.

RUSH, *President.* It is agreed that the reference is in the common terms, and in the usual form; and that the referees have no express power given to them over the costs.

In the enumeration of awards, 1 *Dall.* 314., *Williams* v. *Craig*, it is correctly stated by the court, that in *Pennsylvania* there exists a species of awards or reports, unknown to the *English* law, founded upon an act of our legislature in the

(a) 1 *Binn.* 61.

year 1705, by which it is enacted that, " where the plaintiff " and defendant consent to a rule of court, for referring the " adjustment of their accounts, to certain persons mutually " chosen by them in open court, the award or report of such " referees, being made according to the submission of the " parties, and approved by the court, and entered upon the " record or roll, shall have the same effect, and be as availa- " ble in law, as a verdict by twelve men."

This act expressly puts a verdict and a report on the same footing, when the latter is approved by the court; which is understood to be the case here, and that the only point in controversy, is the costs.

It very often happens that the legislature make costs ope- rate by way of penalty, and sometimes they make use of them as a hedge, to keep the party going to law, within the limits of the tribunal pointed out to him. In our legislative acts we have several instances of this latter kind. To prevent harassing a person in a higher court, and thereby loading him with heavier costs, when the debt is cognisable in an inferior tribunal, it is enacted by the law of 1745, that if any person shall commence, sue, or prosecute any suit for any debt or demand made cognisable as aforesaid, in any *other* manner than is directed by *this* act, and shall obtain a verdict or judgment therein, for debt or damages, which without costs, shall not amount to more than 5*l.* (not having caused an oath or affirmation to be made before the obtaining of the writ of summons or capias, and filed the same in the pro- thonotary's office respectively " that he, she or they so mak- " ing oath or affirmation did truly believe the debt due, or " damage sustained, exceeded the sum of five pounds,") he, she, or they, so prosecuting, shall *not* recover any *costs* in such suit, any law, &c. to the contrary notwithstanding.

In the 20*l.* act of 1794 is the following clause, " if any per- " son shall bring any suit or action in *other* manner than is " provided by the act to which this is a supplement, and shall " not recover more than 20*l.* in such suit or action, he, she, " or they, shall not have judgment for any costs therein ex- " pended, except as in and by the said act is provided;" that is, unless he makes a previous affidavit, &c.

In the year 1804 the 100 dollar act was passed, the 14th

section of which is in the following terms, " that if any person " shall commence, sue, or prosecute any suit or suits for any " debt, or debts, demand, or demands, made cognisable as " aforesaid, in any *other* manner than is directed by *this* act, " and shall obtain a verdict or judgment therein, which with- " out costs, shall not amount to *more* than 100 dollars, not " having caused an oath or affirmation to be made before the " obtaining of the writ of summons or capias, and filed the " same in the prothonotary's office respectively, that he, she, " or they so making oath or affirmation, did truly believe the " debt due, or damage sustained, exceeded one hundred " dollars, he, she, or they, so prosecuting shall not recover " *costs* in any such suit."

From this view of the law, a verdict and report being placed on the same legal ground by the act of 1705, it would appear too plain to be made a question, that where the plaintiff recovers *less* than 100 dollars, without the previous affidavit that he believed the defendant owed him *more*, he is bound by express and positive law to pay the costs. If a *jury* could not find a less sum than 100 dollars for the plaintiff, and compel the defendant to pay the costs, it is not possible the referees could do it; because the verdict and report are placed on the same ground.

There is a difference of expression in the acts of assembly which have been just mentioned, and the act of the 25th of *September* 1786, which provides, that if any plaintiff shall bring or commence any suit or action in the Supreme Court, and shall not recover thereupon, more than 50*l.*, he shall *not* be allowed any costs. In the former case, it is *always* in the power of the plaintiff, to exempt himself from the payment of the costs, by a previous affidavit. Unless he make such affidavit, it is strictly just he should pay *the costs*, for wantonly dragging the defendant into a higher tribunal; and this is unquestionably the language of the law.

In *England* they have no law, that gives equal validity to a report of referees, and to the verdict of a jury, and which compels the plaintiff to pay the costs, in consequence of his neglecting to make affidavit, that the defendant owes him *more* than a precise sum. Nor have they any references similar to those under our act of assembly. References in *Eng-*

*land* under rules of court, are not fettered by positive law, with respect to *costs*, as they are in *Pennsylvania* in the case now before us. *The costs of action* in *that* country, are therefore discretionary with the referees, and they are equally so here, unless when some *restriction* is imposed on them by the *parties* themselves, or by some *express* law of the land. Unless restricted in one of these modes as to the *costs*, or unless they are made to abide the *event* of the suit, the *costs of action* are always *within* the submission. *Kyd on Awards*, 134, 135. 154, 155.

Upon the whole, we are clearly of opinion, and have uniformly and frequently so decided, that the legislative restriction with respect to *costs*, in the case before us, is equally binding on courts, juries and referees; and that neither tribunal can fly in the face of the law and say, *the defendant shall pay the costs*, in a precise case, where the legislature have, in express terms declared, *the plaintiff shall pay them.* It appearing to the court that the plaintiff hath not made the affidavit required by law, it is ordered, that judgment be entered for the sum of fifteen dollars *without costs*.

Judgment for plaintiff,
but without costs.