The opinion of the Court was delivered by
Tilghmcan C. J.
Our legislature has .introduced a new mode of trial. Either party may, in the first instance, carry the cause before arbitrators, and when they have decided, either party may appeal to the Court of Common Pleas, where there is a trial by jury, in the usual manner. The appeal is subject to certain conditions, one of which is, that the appellant shall enter into a recognisance, with sureties, for payment of the costs of the appeal, according to the regulations of the act of 20th March, 1810, S Sm. L. 131. In the 12th section of this act, it is enacted, that if the plaintiff be the appellant the condition of the recognisance shall be, “ that if the said plaintiff shall not recover, in the event of the suit, a sum greater, or a judgment more favourable than the report of the arbitrators, he shall pay all costs that shall accrue in consequence of said appeal, and one dollar per day,, for each and every day lost by the defendant, in attending on such appeal, which costs and daily pay shall be taxed and recovered, as costs in other cases are recovered.” In the 11th section it is provided, that no appeal shall be allowed, until the appellant pay all the costs that may have accrued before the appeal, and the appellant shall not be permitted to produce as evidence in Court, any books, papers, or documents, which he shall have withheld from the arbitrators. The 13th section declares, that the costs paid by the appellant on entering his appeal, shall be taxed in his bill, and recovered of the adverse party, in such cases only, where, in the event of the suit, the appellant is entitled to costs agreeably to the provisions of that act. The 14th section is the one which bears on the point before us; it enacts, that if the defendant be the appellant, the condition of the recognisance shall be, “ that *199 if the plaintiff in the event of the suit shall obtain a judgxnent for a sum equal to, or greater, or a judgment as or more, favourable than the report of the arbitrators, the said defendant shall pay all the costs that may accrue in consequence of said appeal, together with the sum or value of the thing awarded by the arbitrators, with one dollar per day for each and every day that shall be lost by the plaintiff in attending to such appeal,” &c. We have in these sections, a complete system of costs, of which the governing principle is, that the appellant shall pay costs unless he succeeds, at least partially, in the appeal. If the plaintiff appeals, he pays' costs, unless he recovers more than the arbitrators gave him. If the defendant appeals, he pays costs, unless he obtains an abatement of what the arbitrators gave the plaintiff, because in both those cases it must be presuméd, that there was no cause for the'appeal. But, although the party who succeeds but partially-in his appeal, ought not to pay costs, yet it does not follow that he ought to recover costs ; because, although the event has proved, that the award of the arbitrators was wrong, yet that may have been the fault of the arbitrators, and not of the party in whose favour the awarid was made. In such cases, therefore, each party is left to pay his own' costs. That is the principle which prevails in the common law courts ; for, where a judgment of an inferior Court is reversed on a writ of error, the costs in error are not recovered by the party who obtains the reversal. But, where the judgment is affirmed, costs are recovered.' ’ On an appeal from arbitrators the law considers their report as reversed, where the judgment of the Court of Common Pleas is more favourable to the appellant than the report was. Indeed, it is a reversal strictly speaking ; for the act of assembly makes the report, when filed in the office of the prothonotary, equal a judgment, and it has been determined to be a judgment on which a writ of error lies. But it is argued for the plaintiff, that it is extremely hard he should not recover costs, when he has established his cause of action ; and that he is entitled to costs, because the statute of Gloucester gives them, in all cases where damages are recovered, and the act of assembly has not repealed the statute. With the hardship of the case, the Court has nothing to do. But if the matter is fully considered, there are hardships on both sides; for the defendant may certainly complain of hardship, in being obliged to pay *200 costs, for áppealing from a judgment which he has proved to have been, wrong. The only question, however, is, what is the meaning of the act of assembly ? Of its meaning I have no doubt. When it orders the appellants to give security to the adverse party, it must have been intended chat security should be given for every thing which the adverse party could be entitled to recover. Now, so far as respects costs, the security is for the payment of costs, only in case the plaintiff shall obtain a judgment for a sum at least equal to the report of the arbitrators. To say, that the recognisance for payment of costs, was not intended to be co-extensive with the costs, would be to charge the legislature with an absurdity. Whatever inconveniences, therefore, may attend this construction, (and I am sensible, that an artful defendant, who lies by, and does not produce all his evidence before the arbitrators, may involve the plaintiff in great difficulty, particularly in actions of tort,) yet as the intention of the law is clear, we must not hesitate to adopt it. I am of opinion, that the plaintiff was not entitled to recover the costs of the appeal in this case, because the the verdict of the jury was for a less sum than the report of the arbitrators. The judgment should be reversed therefore, so far as respects the costs, and affirmed for the residue.
Judgment reversed, as respects the costs, and affirmed for the residue.