Per Curiam.
There are two errors assigned in this case. 1st. That the arbitrators did not meet on the 3d May,- the day appointed for their first meeting. 2d. That the plaintiff should not have had judgment for costs accrued on the .appeal, because he recovered less in the Common Pleas, than before the justice. As to. the first error. It does not appear whether the arbitrators met on the 3d May, or not, nor is it necessary that it should appear. The arbitrators have dated the award the 20th May, without taking.any notice of the times of meeting. That is sufficient, and this court will not presume, for the purpose of destroying the *194 award, that there was no meeting on the 3d May. We should rather be inclined to the presumption, (nothing appearing to the contrary,) that the first meeting was at the time appointed.
2. It appears by the record, that the defendant produced evidence in the Common Pleas, which was not given before the justice. Therefore he was not entitled to costs. But inasmuch as the defendant in some measure succeeded in his appeal, by reducing the sum which the plaintiff recovered before the justice, it is the opinion of the court, that the'plaintiff was not entitled to the costs on the appeal, though he had a right to costs while the action was depending before the justice. The act on which this case depends^ (20th March, 1810,) does not expressly provide for it, but the construction which we have given to the act appears most reasonable, and most equitable. The plaintiff recovers costs before the justice, and each party pays his own costs on the appeal. The judgment therefore is to be reversed so far as respects the costs awarded to the plaintiff on the appeal, and affirmed for the residue.
Judgment reversed so far as respects'the costs'on the appeal, and affirmed for the residue.