The opinion of the court was delivered by
. Tieghman, C. J.
It was decided by this court, in tbe case of Landis v. Shaffer, (4 Serg. & Rawle, 196,) that where the defendant appealed, and the plaintiff recovered, on the. appeal, less than the sum given to him by the award appealed from, he should have no costs on, or subsequent to the appeal. This was the construction put upon the act of the 20th of March, 1810. But the counsel for tbe plaintiff have contended, that the provision of that act of assembly, with respect to costs, was intended only for cases where the cause was tried, on the appeal, by a jury. I cannot think so. This construction would do injustice, because it is quite immaterial, as to the merits of the case, whether the trial on the appeal, is by a jury, or arbitrators: in either ease, the event proves, that the defendant had suffered wrong by the award from which he appealed, and therefore he ought not to pay costs for appealing. *231 The plaintiff’s counsel also' made a distinction between a compulsory arbitration, and a voluntary one, under the act of 1705, and argued,.that on a voluntary submission, it must be supposed to be the intent of the parties, to leave the costs'to the discretion of the arbitrators. But this distinction-does not'appear to be well founded. An award under the act of 1705, has the same effect as the verdict of a jury; and a jury have no power to give costs contrary to law, neither have arbitrators. The cases of Geyer v. M'Faden, (2 Binn. 587,) and Lewis v. England, (4 Binn. 5,) affirm this principle. I am of opinion 'therefore, that the judgment in this case was erroneous and should be reversed, so far as respects the costs, and that it was good and should be affirmed for the residue.