The opinion of the court was delivered by
Tilghman, C. J.
The plaintiff in error, who was also plaintiff below, commenced an action before a justice of the peace on the 24th of January, 1822, in which he obtained judgment against the defendant on the 31st day of the same month and year, for thirty dollars and costs. The defendant appealed to the Court of Common Pleas, where the cause was tried by a jury, and a verdict and judgment entered for the plaintiff for thirteen dollars, on the 2d of May, 1823. This judgment was entered without costs, the court being of opinion that the plaintiff was not entitled to any. It is conceded, that on the trial in the Court of Common Pleas, the defendant gave evidence which had not been given before the justice, and it is now agreed by the counsel on both sides, that *134 under those circumstances, the plaintiff would, according to the decision in Kimble v. Saunders, 10 Serg. & Rawle, 193, have been entitled under the act of the 20th of March, 1810, to his costs before the justice, each party paying his own costs on the appeal. But the plaintiff contends, that by the act of the 28th of March, 1820, section 9, which was in force when he commenced his action before the justice, he was entitled to the costs in the Common Pleas, as well as before the justice, because he obtained a final judgment against the defendant; although, at the time of entering the final judgment, the 9th section of the act of the 28th of March, 1820, was repealed, by the act of the 1st of JLpril, 1S23, section 4. In support of this claim, the plaintiff argues, that the repealing act of the 1st of Jipril, 1823, does not affect suits which were depending at the time of its passage, because the plaintiff in such cases had a vested right to costs, according to the law at the time of the commencement of the suit. But the repealing act makes no exception; so that at the time when the final judgment in this case was entered, there was no law in existence by which the plaintiff could be entitled to the costs which accrued on the appeal. And, as to a vested right to costs, the plaintiff had no such thing at the commencement of his action, because it was uncertain then whether he would recover any costs. Judgment might have gone in favour of the defendant, and then the plaintiff would have had to pay costs. I am therefore of opinion, that the costs must be governed by the act of the 20th of March, 1810. Consequently, the plaintiff was entitled to his costs before the justice, and each party pays his own costs on the appeal. The judgment, therefore is to be reversed, so far as respects the costs before the justice, which the plaintiff is to recover. As to all the rest, the judgment is to be affirmed.
Judgment affirmed.