Tod, J.
We take the rule to béj'that the appellee is exonerated from the payment of costs to the successful party, not only by the production against him of new facts on the second trial, but also by the production of new evidence of the same facts. The intent of the act of assembly appears to have been, by this forfeiture of costs, to prevent vexatious appeals, in cases in which a party otherwise, by withholding the'strength of his evidence, would be sure to obtain, on appeal, a reduction of the amount of the judgment against him. .Clearly, a party may rely upon the same facts, and yet make out a new case altogether, by producing new witnesses,or new documénts. It is not every small or accidental variance of proof, that will* in a case like this, discharge the appellee from costs. But the general rule is, that if the appellant adduces new evidence to strengthen the grounds he before relied on, he loses his right to costs under this act of assembly. Nor can an inquiry be entered into whether the proof on. the second trial is stronger than on the'first. The court can have no means of deciding what effect the fresh evidence has had upon the minds of the arbitrators, or of the jury. Another point in this cause, is decided by the case of Kimble v. Saunders, 10 Serg. & Rawle, 193.- The plaintiff in error recovers his costs accrued before the justice. Each party must pay his own costs on the appeal.
; Judgment reversed,.and to be entered for the defendant below, without costs accrued since the appeal.