# Franklin *against* Wray.

Upon an appeal from the judgment of a justice, by the defendant, the plaintiff recovered, in court, less than before the justice, the defendant having given new evidence. Held: that each party should pay their own costs, which accrued subsequently to the appeal, and that the defendant should pay the costs which accrued before the justice.

ERROR to the common pleas of *Alleghany* county.

*James Wray* sued *William Franklin* before a justice of the peace, who rendered a judgment for the plaintiff for 16 dollars and 50 cents, from which the defendant appealed to the common pleas, where the cause was arbitrated ; the defendant gave evidence which he had not given to the justice, and the plaintiff obtained an award for 18 cents and costs of suit. To reverse the judgment as to costs, this writ of error was sued out.

*W. W. Fetterman,* for plaintiff in error, cited, *Grace* v. *Altemus,* 15 *Serg. & Rawle* 133 ; *Kemble* v. *Saunders,* 10 *Serg. & Rawle* 193 ; *Downs* v. *Lewis,* 13 *Serg. & Rawle* 198.

*Hamilton,* for defendant in error.

The opinion of the Court was delivered by

KENNEDY, J.—This suit was commenced by the defendant in error, before a justice of the peace of Alleghany county, who gave a judgment in his favour for 16 dollars and 50 cents, and the costs of suit, against the plaintiff in error, who appealed to the court of common pleas ; where the defendant in error entered a rule of arbitration, and obtained a report in his favour for 18 and 3-4ths cents only, and the costs of suit. Under this award all the costs, as well those incurred on the appeal as those which accrued before the justice, were taxed against the plaintiff in error, and this is the error complained of.

It has been admitted that in this case new evidence was given by the plaintiff in error, on the trial of the cause upon the appeal, which was not exhibited on the trial before the justice. This makes the case similar, in every respect, to *Grace* v. *Altemus,* 15 *Serg. & Rawle*

R

[Franklin v. Wray.]

133 ; and *Kemble* v. *Saunders*, 10 *Serg. & Rawle* 193 : where it was decided by this court, that the plaintiff before the justice was entitled to recover from the defendant his costs which accrued before the justice, but that each party must pay his own costs on the appeal. And so in the case of *Downs* v. *Lewis*, 13 *Serg. & Rawle* 198, the same principle is recognised ; and said, that if the defendant before the justice had given no new testimony on the trial upon the appeal, that he would have been entitled to have recovered full costs ; and the award of the arbitrators, which allowed costs to the plaintiff before the justice in that case, was therefore reversed as to them.

The arbitrators in the present case were, therefore, wrong, in awarding costs to the plaintiff below, after having reduced by their award the amount of the judgment of the justice. As to the costs on the appeal, the award of the arbitrators and the judgment of the court below are reversed, and ordered that each party pay his own costs, accruing subsequently to judgment of the justice, and that the plaintiff in error pay the costs on the proceedings before the justice.