# Wisler *against* Beaumont.

Upon a judgment by a justice for the plaintiff, an appeal to the common pleas by the defendant, a reference to arbitrators and award for defendant, an appeal by plaintiff, and a verdict for the plaintiff for a sum less than the judgment of the justice, the judgment must be without costs since the appeal from the justice.

ERROR to *Dauphin* county.

Lewis Wisler sued A. L. Beaumont, Robert Ennis & Co. before a justice, who rendered a judgment for 60 dollars, from which the defendants appealed to the common pleas, where the cause was referred to arbitrators who awarded for the defendants; the plaintiff appealed and obtained a verdict for 27 dollars, for which sum the

[Wisler v. Beaumont.]

court rendered a judgment without costs, since the appeal from the justice; which judgment is the subject of the assignment of error.

*Rawn*, for plaintiff in error.

*M'Cormick*, contra, cited, Kimble v. Saunders, 16 *Serg. & Rawle* 167; Lamb v. Clark, 17 *Serg: & Rawle* 366.

PER CURIAM.—It was determined in *Flick v. Boucher*, 17 *Serg. & Rawle* 373, that in the absence of a specific provision in the arbitration act, the costs of an appeal from the judgment of a justice, are to be determined by the 100 dollar act. ⹁ That case, like this, was arbitrated in the common pleas, the difference in other respects being that the appeal from the award was taken by the defendant; and the case was held not to be provided for, because a successful defendant appellant, having given security to pay costs but on condition that the plaintiff obtain judgment for a sum equal to or greater than the report of the arbitrators, there is no provision for costs where the plaintiff does not, as was the case there, obtain such a judgment. This is in accordance with the principle of Landes v. Shaeffer, 4 *Serg. & Rawle* 196, that so far as the arbitration act is concerned, an appellant abates the amount of the award at his own cost; which is equally applicable to the case before us, where a plaintiff appellant *has* recovered in the words of his recognizance, "a sum greater, or a judgment more favourable than the report of the arbitrators." The case then not being within the provisions of the arbitration act, how does it stand on the 100 dollar act, by which, according to Flick v. Boucher, the question is to be disposed of? In Franklin v. Wray, 1 *Watts* 129, we have the very case. There, as here, the plaintiff had recovered on the defendant's appeal less than the judgment of the justice, and the defendant having given new evidence, was adjudged to pay the costs incurred before the justice, but each was left to pay his own costs incurred subsequently. That case is ' exactly in point, and decisive of the present.

Judgment affirmed.