IN THE

# DISTRICT COURT

FOR THE

# CITY AND COUNTY OF PHILADELPHIA.

MARCH TERM 1835.

## CARNEY v. KENNEY.

May 15, 1835.

*Rule to show cause why execution should not be set aside.*

On an appeal from an award of arbitrators under the act of the 20th of March 1810, the appellant shall pay the costs unless he succeeds at least partially. In the latter case he is not to pay costs accruing in *consequence of the appeal*, whether new evidence be introduced by him before the jury or not.

THIS was an action on the case to March term 1833, No. 431. There was an award of arbitrators in favour of the plaintiff for 230 dollars 89 cents. The defendant appealed; and on the trial before the jury examined witnesses who had not been called before the arbitrators. There was a verdict for the plaintiff for 82 dollars 87 cents, upon which judgment was entered.

The plaintiff issued writs of *fieri facias* and *capias ad satisfaciendum* to March term 1835, for the amount of the verdict and costs of suit.

*Hopkins,* for the defendant, obtained a rule on the plaintiff to show

I.—B

[Carney v. Kenney.]

cause why the writs of execution should not be set aside, so far as relates to costs.

On the hearing of the rule, Mr *Hopkins* referred to Landis *v.* Shaffer, 4 *Serg. & Rawle* 196 ; and Pratt *v.* Naglee, 6 *Serg. & Rawle* 299.

*Brewster, contra,* contended :

1. That by giving new evidence before the jury, the defendant had rendered himself liable for the costs accruing after, as well as for those accruing before the appeal.

2. That the present application was irregular, and that the motion of the defendant should have been to open the judgment, or to enter judgment without costs.

PER CURIAM.—In Landis *v.* Shaffer, 4 *Serg. & Rawle* 196, the construction of the arbitration law of the 20th of March 1810, relative to costs, was clearly stated and fixed. The governing principle is, that the appellant shall pay costs unless he succeeds at least partially in the appeal. Where he does succeed partially in the appeal, he is not to pay costs accruing in consequence of the appeal. This is true without regard to the fact whether new evidence be introduced before the jury or not. The court, on motion, would have directed the judgment to be entered for the plaintiff without costs accruing in consequence of the appeal; and it is their duty now to modify the judgment accordingly. The execution must then be adapted to the judgment. It is therefore *ordered* that the judgment be modified so as to stand for the amount of the verdict, without costs accruing in consequence of the appeal, and that the execution stand according to the judgment thus modified.