## Hoffman *against* Slossan.

If a defendant recover a judgment before a justice of the peace for a certain sum, and the plaintiff appeal, and the judgment of arbitrators in court, be "no cause of action," neither party is entitled to recover costs.

ERROR to the Common Pleas of *Bradford* county.

Jacob Hoffman against Clark Slossan. This suit was instituted before a justice, who rendered a judgment for the defendant for fifty cents, from which the plaintiff appealed to the Common Pleas, where the cause was referred to arbitrators, who awarded "no cause of action." The court below decided that the defendant was entitled to recover costs.

*Maynard*, for plaintiff in error, referred to the Act of 9th of April 1833. See 3 *Purd. Dig.* 684.

No appearance for defendant in error.

PER CURIAM.—It is difficult to say what was meant by the Act of the 9th of April 1833. The proviso seems to be repugnant; but we are relieved from determining whether it repeals the purview according to the controverted case in *Fitzg.* 195, or is itself repealed by it, for it is clear the case before us is not within the spirit of either. The letter of the purview would indeed give the defendant costs; but it was clearly not intended to do so when the plaintiff has succeeded in his appeal, as he did here, though it cannot be said he recovered a greater sum in court than he did before the justice, for he recovered nothing there or elsewhere; yet he succeeded in discharging the judgment against him for the defendant's cross demand. There are no costs at the common law; and as the case is not within the statute, costs can not be recovered by either party.

Judgment reversed as to costs, and affirmed for the residue.