## ADDISON v. HAMPSON.

Where there was an appeal by the plaintiff to the Court of Common Pleas, from th, judgment of a justice in favour of the defendant, a reference to arbitrators, under the act of 16th of June, 1836, and an award for the plaintiff, an appeal therefrom by the defendant, and a verdict for the defendant; *held.* that the payment of costs in such case, not being provided for by the arbitration act, the judgment must be entered for the defendant, with the costs of suit, which accrued before the appeal from the judgment of the justice.

In error from the Common Pleas of Erie county.

*Sept.* 29. This suit originated before a justice of the peace, and was brought by George W. Addison against Robert Hampson, to recover a claim of $10, which he alleged was due and owing to him by the defendant. Against a recovery by the plaintiff, the defendant interposed a claim of $15, which he alleged the plaintiff was indebted to him on book account.

After hearing the parties, &c., the justice gave judgment in favour of the defendant, for $17 34, and costs of suit, amounting to $11 60. From this judgment the plaintiff appealed to the Court of Common Pleas; where, at the instance of the plaintiff, all mat-

ters in variance between the parties were referred to arbitrators, under the act of the 16th of June, 1836, who awarded the sum of $5 in favour of the plaintiff. From this award the defendant appealed, and on a trial of the case in court, obtained a verdict. A rule was thereupon granted by the court, at the instance of the plaintiff, to show cause why the judgment on the verdict should not be entered without costs. After argument, the court discharged the rule, and entered judgment for the defendant for costs; and this was assigned for error here, by the plaintiff.

*Babbitt*, for plaintiff in error, cited act 9 April, 1833, (Pamph. Laws, 480; Dunl. Dig. 508;) Hoffman *v.* Slossan, 2 Watts & Serg. 36; Lamb *v.* Clark, 17 Serg. & Rawle, 366; Wisler *v.* Beaumont, 4 Watts, 29; Flick *v.* Boucher, 16 Serg. & Rawle, 363.

*Walker*, contrà.—Gonzalus *v.* Liggett, 1 Rawle, 426; Lindsey *v.* Corah, 7 Watts, 235; Chew *v.* Bitner, 3 Watts & Serg. 275; Holman *v.* Fesler, 7 Watts & Serg. 313.

*Oct.* 4.    BELL, J.—The question of costs presented by this record is directly decided against the defendant, by the case of Hoffman *v.* Slossan, 2 Watts & Serg. 36; and that determination is in accordance with the earlier cases, which arose under the act of 1810, and which turn upon the principle that, where, by the conditions of the appeal, the appellant is to pay costs only in the event of his failing to procure a more favourable judgment than that appealed from, he is not bound to pay the costs of the appeal, should he succeed in placing himself in a better position, though a final judgment is eventually recovered against him.

. The only distinction between that case and this is, that here there was an award in favour of the plaintiff, from which the defendant appealed. But this fact can work no difference in the decision of the question, for the arbitration act failing to provide, specifically, for the payment of costs, in the event that has happened in this instance, the case is left to be governed by the statutes which regulate appeals from justices of the peace, as is shown by Landis *v.* Shaeffer, 4 Serg. & Rawle, 196; Flick. *v.* Boucher, 17 Serg. & Rawle, 373; and Wisler *v.* Beaumont, 4 Watts, 29.

The judgment of the court below in favour of the defendant, for the costs of the appeal, is, therefore, reversed; and it is ordered that judgment be entered for the defendant, together with the costs of suit, which accrued before the appeal from the judgment of the justice.

Judgment accordingly.