## McMaster *versus* Rupp.

1. In a suit before a justice of the peace, the defendant offered to confess judgment for *five dollars* and costs of suit. The plaintiff declined to accept it, and judgment was rendered by the justice for the plaintiff for *seventy cents*. *The plaintiff* appealed and recovered judgment in Court for *eighty-six cents*: *Held,* that under the first section of the Act of 9th April, 1833, the plaintiff was entitled to full costs.

2. By the second proviso to that section the plaintiff, in case of recovery in Court, is not entitled to costs, only when the *defendant* appeals after having offered to confess judgment, and the plaintiff has failed to obtain judgment for a greater amount than the sum for which the defendant offered to confess judgment.

ERROR to the Common Pleas of *Armstrong county.*

This was originally an action before a justice of the peace, by Rupp and Faulk, for the use of T. J. Rupp, *v.* Thomas McMaster, and was founded on a book account of $41.86 and interest, and a claim for damages sustained by defective workmanship in the ironing of a wagon.

The defendant claimed, as a set-off, $39, for furnishing iron, &c., and for ironing a wagon, and for cash paid to the plaintiff on account. On the return day of the summons, viz., on 10th November, 1851, the parties appeared, and the defendant, after presenting his claim, confessed a judgment for $5, with costs of suit. The justice entered the judgment, and also noted a tender of the amount and costs which the defendant made. The plaintiff refused to accept the amount of the judgment and costs, and after hearing, the justice, eventually, viz., on 29th November, 1851, entered judgment *for the plaintiff for seventy cents,* with costs till the time of *confessing* the judgment.

The *plaintiff* appealed, and on the 18th June, 1853, he obtained a verdict for *eighty-six cents* damages. On 25th June, 1853, the Court entered judgment on the verdict *with full costs.* This judgment was assigned for error, and it was alleged that the Court ought to have entered judgment on the verdict for the plaintiff *without costs,* and allowed the defendant to have his bill taxed and filed according to the provisions of the Act of 9th April, 1833.

*Boggs,* with whom was *Cantwell,* for plaintiff in error.

*Lee,* for defendant in error.

The opinion of the Court was delivered by

BLACK, C. J.—The plaintiff below brought suit before a justice, against the defendant, who offered to confess judgment for five

[McMaster *v.* Rupp.]

dollars.  It was not accepted, and the magistrate gave judgment for seventy cents.  The plaintiff appealed, and obtained a judgment on a verdict for eighty-six cents.  The Court gave him full costs.  The defendant denies the plaintiff's legal right to the costs, and has taken this writ of error to test it.

The Act of 9th April, 1833, which governs the subject, establishes the general rule that the costs on an appeal shall abide the event of the suit, and be paid by the unsuccessful party as in other cases; that is, that a party who succeeds in getting a final judgment for debt or damages shall recover costs without regard to the amount of the judgment appealed from, and no matter who was the appellant.  The plaintiff's case is within the rule, for he has recovered a debt.

But the general rule has two exceptions contained in the two provisoes to the act: one is, that when *the plaintiff* appeals, he shall pay the costs even if he does get a judgment for debt or damages, unless such judgment be larger or more favorable to him than that which the justice gave him.  In the present case the plaintiff appealed from a judgment of *seventy* cents and got one in Court for eighty-six cents.  The first proviso, therefore, does not deprive him of his costs.

The other exception is, that when the *defendant* appealed after having offered a judgment, the plaintiff shall pay the costs unless he finally recovers a larger sum than that for which judgment was tendered him before the appeal.  This case is not within that proviso, because although a judgment was tendered, it was the plaintiff and not the defendant who appealed, and the efficacy of such a tender is expressly confined to cases in which *the defendant* is the appellant.  We are asked to give this proviso what the plaintiff in error calls an equitable construction, by striking out the word *defendant* and inserting *either party*, and by this means make it apply to any appeal taken after judgment tendered.  If we had authority to make the law, we might consider of this proposition and perhaps give a favorable answer.  But, as it is, we cannot take such liberties with a statute.

The case being within the general provision which the body of the act contains, and not within either of the exceptions, the plaintiff below was entitled to costs, and the judgment must be affirmed.

Judgment affirmed.