## Brandon *versus* Forest County.

1. An award founded on an agreement between county commissioners and treasurer to submit his accounts to referees, by the terms of which an inquiry into the merits was prevented and an extraordinary amount was to be allowed him for compensation, was set aside by the court below; and the decree was affirmed.

2. The court has power to set aside a submission and award on the ground of fraud.

October 21st 1868.   Before Thompson, C. J., Read, Agnew and Sharswood, JJ.

Error to the Court of Common Pleas of *Forest county* : Of October and November Term 1868, No. 38.

The plaintiff in error, John G. Brandon, was treasurer of Forest county for 1858 and 1859. The county auditors settled his account, finding a balance against him.   On the 3d of April 1862 an Act of Assembly was passed authorizing a re-audit of his accounts.   In pursuance of this act his accounts were again audited, and on the 30th of July a balance of $528.92 found to be due from him to the county.   On the 22d of September Brandon appealed, and on the 5th of March 1864 an agreement was entered into between Brandon and the county, signed by two of the county commissioners, " to make an amicable submission of all matters at variance" to three referees named, " their award to be final and conclusive, and no appeal is to be taken by either party.   John G. Brandon is to take a credit of $597.95 balance due him at first settlement, and $707.54 commission on orders received, and what other credits the arbitrators may think him entitled to."   On the same day the parties entered into another agreement signed by the same two commissioners, by which it was agreed that Brandon should " be charged with $1235.53, being the amount received from the collectors for both years, and take a credit for $599.69, for orders paid over at first settlement, over and above what paid the county tax on Darling and Fox's notes."

An account was annexed containing the following items :—

| " Dr. | | | Cr. |
|---|---|---|---|
| To Unseated Tax, | . . $2,484.69 | By Balance at Settlement, | $597.95 |
| Rec'd from Collector, | . 1,235.53 | Commissions, . . | 707.54 |
| | | Orders, . . . | 599.69" |

with some other items of credit not important to state.

On the 29th of March 1864 the referees made and filed an award, finding for Brandon $1307.64.   On the 24th of May, on motion of the attorney for the county, the court granted a rule to show cause why the " rule of reference" and all proceedings under it should not be stricken off.   Depositions were taken, and on the 25th of February 1867 the " award of arbitrators was set aside" by the court.

[Brandon *v.* Forest County.]

Brandon took a writ of error and assigned for error the setting aside the award.

*R. Brown*, for plaintiff in error.—It is not necessary that a submission should be made a rule of court when an action is pending : Act of June 16th 1836, § 6, Pamph. L. 717, Purd. 51, pl. 6 ; Bemus *v.* Quiggle, 7 Watts 362 ; McAdams *v.* Stilwell, 1 Harris 97 ; Ford *v.* Keen, Id. 179 ; Okison *v.* Flickinger, 1 W. & S. 257. The award is in pursuance of the submission and therefore good : Buckman *v.* Davis, 4 Casey 211 ; Kenneigh *v.* Kramer, 14 Wright 533 ; Brendlinger *v.* Yeagley, 3 P. F. Smith 464 ; Herman *v.* Freeman, 8 S. & R. 9.

*W. L. Corbitt*, for Forest county, defendant in error.—No issue had been formed as is required by the Act of April 14th 1838, § 10, Pamph. L. 400, Purd. 207, pl. 18. The treasurer's compensation is fixed by law : Act of April 15th 1834, § 41, Pamph. L. 544, Purd. 213, pl. 22. The award not having been approved had only the effect of a verdict : Stephens's Appeal, 2 Wright 13 ; Murray *v.* Henrie, 1 Jones 413. The setting aside of an award on matters of fact is not reviewable in the Supreme Court : Buckman *v.* Davis, *supra ;* Gratz *v.* Phillips, 11 S. & R. 144 ; Bellas *v.* Levy, 2 Rawle 23 ; Harker *v.* Elliott, 7 S. & R. 285 ; Cochran *v.* Eldridge, 13 Wright 365.

The opinion of the court was delivered, October 29th 1868, by
AGNEW, J.—It is not necessary to decide whether the reference in this case was regularly made a rule of court, and after issue framed by the court ; or what power the court may exercise over the award to correct a mere irregularity. It is very manifest to our minds that the court below set aside the award on the ground of fraud and collusion between two of the county commissioners and the plaintiff in the concoction of the submission, and the agreement controlling the finding to be made by the arbitrators. The effect of these agreements was to prevent an inquiry into the real matters of controversy, and to give to the plaintiff (a relative of one of these two commissioners) a compensation, as county treasurer, of a most extravagant and extraordinary amount, without the approbation of the county auditors, under the Act of 15th of April 1834, or a decision of the arbitrators upon any evidence of its reasonableness.

There can be no doubt of the power of the court to set aside a submission and award on the ground of fraud.

Judgment affirmed.