# Wheeler v. Potter.

*Costs—Appeal from justice—Recovery of less sum before arbitrators.*

On an appeal by plaintiff from a judgment of the justice, where the plaintiff recovers less in an award of arbitrators than he did before the justice, the costs incident to the appeal must be paid by the plaintiff under the Act of April 9, 1833, P. L. 480.

Argued Jan. 8, 1900. Appeal, No. 42, Jan. T. 1900, by plaintiffs in a suit of Harriet C. Wheeler and Bessie W. Pratt, executrices of Eno S. Wheeler, deceased, against L. M. Potter, from decree of C. P. Wyoming Co., June T., 1898, No. 136, costs of appeal to be paid by plaintiffs. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER, W. D. PORTER and MITCHELL, JJ. Affirmed. Opinion by W. D. PORTER, J.

Rule for taxation of costs. Before DUNHAM, P. J.

It appears from the record that plaintiffs recovered a judgment of $4.90 with costs in an action of assumpsit before a justice of the peace, and appealed to the common pleas; defendant entered a rule of reference before arbitrators who filed

an award of $4.00 in favor of the plaintiffs. Both plaintiffs and defendant filed their bill of costs. Defendant entered a rule to show cause : (1) why judgment should not be entered for $4.00, the amount of the award, and costs, before the justice only; (2) why defendant's costs shall not be deducted from the amount of the award and any amount due plaintiffs and their witnesses ; (3) why plaintiffs shall not pay all costs that have accrued on the appeal; (4) why plaintiffs shall not pay defendant the difference between the judgment and costs before the justice and the defendant's costs since the appeal; (5) that such other and further relief may be granted as is right and proper. Whereupon the court taxed the costs since the appeal at $36.07, deducting therefrom the award of $4.00 and the costs before the justice amounting to $9.95, showing a difference to the defendant of $22.12, which it directed that plaintiffs pay to the prothonotary's office for the use of the persons entitled thereto. Plaintiffs appealed.

*Error assigned* was in decreeing that the costs accruing after the appeal be paid by plaintiffs.

*Arthur Dunn,* with him *C. O. Dershimer* and *Andrew N. Walker,* for appellants.—The payment of costs in this case is governed by special act of assembly approved March 25, 1873, P. L. 406, which provides that in all cases of appeals from the judgment of the justice of the peace in the counties of . . . . Wyoming that the parties appealing shall pay the justice all his fees and all constable fees. Costs in this case are also governed by the general arbitration act approved June 16, 1836. This entitles the party recovering the judgment, to his costs under the statute of Gloucester prevailing in Pennsylvania by which costs invariably follow a recovery of a debt or damages: Wadlinger on Costs, page 272, secs. 124, 125 ; Bellas v. Levy, 2 Rawle, 21 ; Zell v. Arnold, 2 P. & W. 292; Painter v. Kistler, 59 Pa. 331. The statute of Gloucester still prevails in Pennsylvania: Remely v. Kuntz, 10 Pa. 180.

The powers of arbitrators are coextensive with those of a jury. Further, the act of April 9, 1833, relating to appeals from the judgment of the justice of the peace does not apply to

arbitrations.   The costs referred to in that act are merely the
costs in the common pleas: Brinzer v. Shartzer, 7 Pa. C. C. R.
528.   But a case before arbitrators is out of the common pleas:
Le Barron v. Harriott, 2 P. & W. 154.

Moreover, the court has no jurisdiction over the question of
costs in this case.   The defendant took the case out of the
court of .common pleas and took out the rule to arbitrate and
the award was against him and carried with it the costs.   No
appeal to the common pleas has been taken.   The only manner
in which the court can obtain jurisdiction is by appeal from the
award as provided by law to bring it back into the common
pleas: Post v. Sweet, 8 S. & R. 391; Brightly's Law of Costs,
p. 220; Waage v. Weiser, 6 Wharton, 306; Le Barron v. Har-
riott, 2 P. & W. 154.

The award of the arbitrators shows that the plaintiffs paid
$6.00 for arbitrators' fees.   Therefore, the court erred in decree-
ing that the plaintiffs should pay in the prothonotary's office
$22.12, the costs on appeal having all been paid by plaintiffs.

*James W. Piatt,* for appellees.—That the court below gave a
proper construction to the act and that the proceedings were
proper is sustained by Park v. Sweeny, 39 Pa. 111, and Barker
v. McCreary, 66 Pa. 162.

The award became a judgment, but subject to the provisions
of the act of 1833.   The cases cited by the appellant's counsel
were not under this act and are easily distinguishble from the
case at bar.

The court had power to make the order: Lewis v. England,
4 Binney, 5; Kelley v. Dodge Mfg. Co., 86 Pa. 466.

On an appeal by the defendant from a justice of the peace,
if the plaintiff recover less on an award of arbitrators than he
did before the justice, he is not entitled to costs, nor can the arbi-
trators give them to him: Downs v. Lewis, 13 S. & R. 198;
Franklin v. Wray, 1 Watts, 129.

Neither juries nor arbitrators can give costs, in the face of an
act of assembly, where the plaintiff recovered less then before
the justice: Painter v. Kistler, 59 Pa. 331.

OPINION BY W. D. PORTER, J., April 23, 1900:

The plaintiffs recovered a judgment against the defendant

for $4.60 in an action before a justice of the peace, and, not be
ing satisfied with this judgment, they appealed to the court of
common pleas and filed a statement in assumpsit.   The defend-
ant entered a rule to arbitrate, under the compulsory arbitration
Act of June 16, 1836, P. L. 715.   Arbitrators were duly chosen
and qualified, and, after hearing, an award was filed finding in
favor of the plaintiffs in the sum of $4.00.   This award was not
appealed from and became a final judgment.   The defendant
entered a rule upon plaintiffs to show cause, first, why judg-
ment should not be entered for $4.00, the amount of the award
and costs before the justice only; second, why the defendant's
costs should not be deducted from the amount of the award and
any amount due plaintiffs and their witnesses ; third, why plain-
tiffs should not pay all costs which accrued subsequently to the
appeal from the judgment of the justice ; fourth, why plaintiffs
should not pay defendant the difference between the judgment
and costs before the justice and the defendant's costs since the
appeal.   It does not appear that the plaintiffs filed any answer
to this rule.   The court, after hearing, made the rule absolute
and taxed the defendant's bill and the costs accruing subsequent
to the appeal from the judgment of the justice, allowing the
plaintiffs credit for the amount of the award of arbitrators and
the amount of the costs paid by them to the justice upon tak-
ing the appeal.   From this action of the court plaintiffs ap-
pealed and assigned the same for error.

The sole question presented by the record is, were the plain-
tiffs liable for costs of the defendant which accrued subse-
quently to the appeal from the judgment of the justice ?   The
Act of April 9, 1833, P. L. 480, established the general rule
that costs on appeals from judgments of justices of the peace
and aldermen should abide the event of the suit and be paid by
the unsuccessful party, as in other cases ; but the act made two
exceptions to this rule, viz : " Provided that if the plaintiff be
the appellant, he shall pay all costs which may accrue on the
appeal, if in the event of the suit he shall not recover a greater
sum or a more favorable judgment than was recovered by the
justice."   Then follows a provision with regard to appeals by
defendants, enacting that in certain cases the plaintiffs should,
upon such appeals, pay the costs.   " And in both cases the
defendant's bill shall be taxed and paid by the plaintiff in the

same manner as if a judgment had been entered in court for the defendant." In the present case the plaintiffs appealed and the proceeding has arrived at a final judgment, by which they recover a sum less than the amount of the judgment by the justice. It therefore follows that the defendant's bill of costs upon the appeal must be taxed in the case and paid by the plaintiffs, unless the provisions of this law had been changed by subsequent legislation: Addison v. Hampson, 6 Pa. 463; McMasters v. Rupp, 22 Pa. 298; Barker v. McCreary, 66 Pa. 162. It is contended on behalf of appellants that the act of 1833, is repealed as to Wyoming county by the Act of March 25, 1873, P. L. 406. This act applied only to Wyoming and two other counties, and the material portion of the same is as follows : "The party or parties appealing shall pay to the justice before whom the case was tried, all his fees, and all the constable's fees, in the case, and the said justice shall receipt in his record for said fees, so that it shall appear on the transcript; the same to abide the final determination of the case, as all other costs thereon, and no appeal need be allowed by the justice until said fees are paid." This act relates only to the fees of justices and constables accruing at and prior to the taking of the appeal. Its direction that such costs shall abide the final determination of the case is substantially the same as that contained in the act of 1833, in which the words are, "shall abide the event of the suit and be paid by the unsuccessful party." The act of 1873 was simply intended to insure to justices of the peace and constables the prompt payment of their fees, and did not change the manner of taxing costs in court save that the party who had paid the fees stood in the same position that the justice and constable had formerly occupied; as to who should ultimately pay the fees it was absolutely silent. The first proviso of the act of 1833, upon which the appellee relies, does not apply to the costs incurred before the justice ; it is of force only as to those costs which accrue subsequently to the appeal: Addison v. Hampson, supra. The learned court below very properly acted upon this theory, and in the taxation of costs allowed the plaintiffs credit for the full amount of the costs which they had paid to the justice upon taking the appeal, so that those costs abide the result of the suit and are recovered by the plaintiffs because in an action of debt they have recovered a judgment.

There is no inconsistency whatever between the acts of 1833 and 1873, and the provisions of the former remain in force.

Appellants contend that because this was an award under the compulsory arbitration act the whole proceeding is out of court, no appeal having been taken, and that, therefore, the costs can only be recovered in this proceeding under the statute of Gloucester. It is true that in the absence of legislation of our own upon this subject the statute of Gloucester would control: Bellas v. Levy, 2 Rawle, 21; Remely v. Kuntz, 10 Pa. 180. But the act of 1833 is clear and specific, and the English statute must give way. A reference under the compulsory arbitration act does not take a case out of court. The act in question simply devised an additional means of trying issues, and the arbitrators are a part of the machinery of justice and of the court. The judge cannot interfere with their manner of trying, or intrude upon their deliberations. So far as rulings upon competency of witnesses, admissibility of testimony, and other matters arising at the hearings are concerned, the proceeding may, in a certain sense, be said to be out of court; the arbitrators are not strictly bound by the state of the pleadings, and the only manner in which an error in such matters can be corrected is by appeal: LeBarron v. Harriott, 2 P. & W. 154. But the arbitrators, under this act, have their authority because there is an action pending in court, and if the cause be discontinued in the court the authority of the arbitrators is gone. The award must be filed in the court, and the court may set it aside upon the ground of misbehavior of the arbitrators, or that the award was procured by fraud or collusion: Cochran v. Eldridge, 49 Pa. 365, Brandon v. Forest County, 59 Pa. 187. See also, P. & L. Digest of Decisions, 1291. If the award is unappealed from it becomes a judgment of the court and must be enforced through its process, the costs must be taxed under the supervision of the court, and in accordance with law. It was decided under the act of March 20, 1810, 5 Sm. L. 161, sec. 4, that where a plaintiff recovered a judgment before a justice, the defendant appealed and the plaintiff recovered less in an award of arbitrators than he did before the justice, he was not entitled to costs, nor could the arbitrators give them to him. This was an action of debt: Downs v. Lewis, 13 S. & R. 198.

It is true that this was held not to be applicable where the action was in the form of trespass : Painter v. Kistler, 59 Pa. 331.

In the present case, however, we do not have to consider the effect of an award of arbitrators, in which they award a certain sum of money " and costs," or " and that the defendant pay the costs." It is suggested in appellants' printed argument that the fees of the arbitrators were paid by the plaintiffs and ought not to have been included in the taxation of costs. If this is. true, that item of costs ought to be stricken out. The plaintiffs, however, have printed but a meager portion of the record, and it does not appear that they filed any exception to the taxation of costs, nor any answer to the petition of the defendant for the rule to show cause in question. We cannot. be expected to find, upon the record as here presented, that. the plaintiffs paid the arbitrators. As the plaintiffs did not. raise this question and seek to have the mistake corrected in the court below, we would not reverse the judgment upon that. ground alone. In order that the court below may have an opportunity to remedy this inadvertence, if any occurred, we will make such an order as to permit the application to be made in that forum. The specifications of error are dismissed.

Judgment affirmed, without prejudice to the right of the plaintiffs to move the court below to strike out of the taxation of costs the fees of the arbitrators.