The opinion of the Court was delivered by
Tilghman, C. J.
This is an afction brought by Sarah Irwin, the plaintiff below, against Nicholas Cunningham, for board arid necessaries furnished by the plaintiff to,-Mary, the wife of the said Nicholas. ■ On the trial.of the cause, several exceptions were taken by the defendant’s counsel, to the opinion of the Court, on points of evidence, and an exception also to the charge of the Court.
1. The first exception was, to the admission of the depositions'of John and Patrick Magee, taken ex parte, under a rule of Court, on six days notice. The, objection is, that the six days notice were not specified in t-he rule of Court. The rule was entered for taking the depositions;??? reasonable notice, and thdn the plaintiff gave notice to the defendant, that the depositions would be taken at a certain time and place, .(allowing six days.) .As the same point arose, in the case of M'Connell v. M'Coy, which was decided this term, it will be sufficient to say, that under that decision these depositions were good evidence. I will barely add, that this Court was induced to admit the depositions, for two-reasons. One, *257 that the general practice of the Court of Common Pleas for several years past, has been, to enter 'rules for taking depositions, in the manner this rule was entered ; the other, that the party to whom the notice is given, is not injured by it; because he' receives actual notice of the time and place of taking the deposition, and if the time is unreasonably short, he may avail himself of that circumstance, on a motion to suppress the deposition, or perhaps by application to a Judge out of Court, to have the time enlarged, on satisfying him that it is unreasonable.
2. The next exception was to the admission of the deposition of Samuel Douglas ; because the matter contained in it was irrelevant. To comprehend the force of this objection, it will be necessary to consider the nature of this action, and some-of the circumstances attending the plaintiff’s case. I have said before, that the ground of the action, was, board and necessaries found for the defendant’s wife. Before Douglas’s deposition was offered, evidence had been given to prove the defendant’s marriage. Evidence had also been given of a libel by the wife for a divorce, on account of th,e husband’s desertion of her. It was a very singular case. The defendant and his wife, (if she. was his wife,) came from Ireland many years before the commencement of the suit" for divorce, and had lived separately in Pittsburg, without the least suspicion of their marriage. Consequently it was incumbent on the plaintiff, to shew that under such mysterious circumstances,.the defendant was liable for necessaries furnished to his wife; and particularly that the wife was willing and had offered to live with him, for there was no proof that he ever used her ill, or turned her out of his house. The deposition, of Douglas went- to prove, that he- was employed by Mrs. Cunningham, (who was known by the name of Mary Magee,) as counsel, and informed by her, that the only thing she wanted, was “ to go and live with her husband, and be treated as his wife, and that she would, on Her part, conduct herself towards him as she had done before their separation/”. and that shortly afterwards, he’ waited on the defendant, and informed him of Mrs. Cunningham’s wish, to live with him, who answered that her living with him was out of the question, that her claim was a stale one, that he was not bound in law, or justice, to take her, or maintain her, *258 but rather than have himself exposed publicly by ,a suit in Court, he1 would give her a sum of money provided she would leave the country. This evidence,was certainly very material, as it tended to remove a main obstacle in the way or the plaintiff’s case, and to explain the doubt, whether the living separately was the fault of the husband or the wife. It is not quite certain, whether Mrs. Cunningham’s conversation with Mr. Douglas, and,his communication to the defendant, was before, or after, the filing of the libel for- a div.orce, but that is immaterial, as I shall §hew, when Tcome to consider the exception to the charge of the Court. I have no doubt therefore, that Douglas’s deposition was evidence.
3i The third exception was to the evidence of fames Riddle, esq. I am very clear that this evidence was legal, and highly material to the plaintiff’s cause. For.- Mr. Riddle proved, that before the commencement of a suit for a divorce, Mrs, Cunningham informed-him of her situation, and-her earnest, desire to be restored to her husba'nd,. and solicited him' to use his influence as a friend of Mr. Cunningham, to effect a reconciliation, and that he did endeavour to effett it, but to no purpose'.
4. The fourth exception was to the evidence of Mrs. Dunning, who proved, the situation of Mrs. Cunningham, some time previous to the period of her boarding with the plaintiff. The objection to the evidence, is, that her situation at that timp, was immaterial. But I. do not think-so. It was not immaterial to shew the general state of her health and behaviour,-and particularly that she had no, known means of living, but by her own labour. In-a question of this kind, where the blame-of a separation is attempted to be thrown on ■the wife, considerable latitude'should be allowed to the evidence, in order to shew her general conduct, and manner of life, during the separation. I am of opinion, therefore, that there is no ground for this exception.
As to the charge of the Court, it certainly was, upon the whole, extremely favourable to the defendant.' But there are one or two points, on. which his counsel has raised objections. The principal one is, that the husband was not liable for necessaries furnished to his wife, during her. suit fora divorce, But why nót ? Was-she not his wife, until the decree of divorce was pronounced ? And if she was, why *259 should he not support her? Consider the basis of the libel for divorce. Desertion by the husband. If she was deserted, was she tó be reduced to the alternative of perishing, or .subsisting on charity? What principle of law, or justice, absolved the husband from the duty of maintaining His wife, during a separation for which she was not to blame ? Was any fund provided by him for her support ? None at all. But the cause of separation, it is said, was a mystery.' Per-, haps it was voluntary on both sides. But even if it were, and no means of support were provided for the wife, no agreement of hers would discharge her husband from the 'expense of supporting her, if she requested to come back, and he refused to receive her. Whether she did só request, was submitted to the jury, with remarks on the evidence, by the Court, not only impartial, but very indulgent- to the defendant. The jury were told to pay no regard to the wife’s offer to return, unless they, were satisfied that it was made in sincerity, and good faith, without any view to trick or artifice; But-the defendant’s counsel have contended, that the-suit for divorce, and offer to return, were inconsistent. It would certainly be inconsistent to offer to return, and-at the same time persist in the suit for divorce? But there would have been no inconsistency in offering to return, and discontinuing the suit, if the offer were accepted. And that such was the intention, as to any offers made, pending the suit, must be presumed. For no woman in he.V senses could expect, or wish for, a divorce from the bond of marriage, founded on-the desertion of her husband, at the moment she was living with him. Nor if she had wished it, Would any Court have been so-absurd, as to decree it. But in this case,' there was no encouragement to discontinue the suit, because all the offers of the wife, to return to her husband, were promptly and peremptorily rejected. I perfectly agree, therefore, with the opinion of the President of the Common Pleas, that the defendant was liable for’necessaries, until the decree of divorce was pronounced;
Another objection to the charge of the Court was, that the juty were not told, that the husband was not liable for necessaries, if the wife had means of supporting herself. I must remark, that it does not appear by the record,'that the Court was requested by. the defendant’s counsel, to give.any *260 opinion on that point, nor do I perceive that it arose out of jjje evident For there was no evidence of the wife’s hav'mg any property of her own, but the contrary. The jury were fairly told, “ that the necessaries should be suitable to the rank and estate of the husband, in other words, according to the condition of the parties in life.” And, that “ clothing, medicine, boarding and lodging, come under the meaning of necessaries'.” And undoubtedly so is the-law. ’ I do not see how it could have been laid down more accurately. If the wife, during great part of her separation, had laboured hard for subsistence, and lived in a rank inferior to her husband’s situation, that was no reason why she should not be supported agreeably to his situation, when she offered to return, and he refused her. Nor had he a right to say, that she should earn all she could by her labour, and he would only be answerable for the difference between her earnings, and the amount of the expenses necessary for her support. Such is not the law of husband and wife. The husband must support his wife himself, or pay those who do support her in a reasonable manner, and of that the jury are to judge. Upon the whole, I am of opinion, that there was no error in the record, and therefore the judgment should be affirmed.
Judgment affirmed.