The opinion of the court was delivered by
Tilghman, C. J.
From the nature of this case, the plaintiffs in error have considerable difficulties to encounter. This court is asked, to reverse the judgment of the Court of Common Pleas, and to affirm the award. Now it is not denied, that the Court of Common Pleas had a right to set aside the award* not only because it was against law, but even on consideration of the merits of the ease. The act of 1705, under which this reference was made, gives to the award the effect of a verdict, provided it be approved of by the court, and the court have always exercised the right of examining the award and setting it aside, not only for errors in law, but for manifest errors in fact; If it is set aside, on a consideration of facts, the-decision cannot be called in question on a writ of error, because the court of error have not the facts before them. It is true, that, in the present instance, the opinion of the Court of Common Pleas seems to have been founded principally ■on errors in law, specified in the eleventh and thirteenth exceptions. But it does not rest altogether on piatter of law, because, in the opinion of the court, placed on the -record, it is expressly said, that they cannot give judgment for the sum awarded, because it is admitted that there are errors, which will reduce that sum to a lower amount. That being the ease, it is clear, that independently of the- errors in law pointed out in the eleventh and thirteenth exceptions, there were errors in fact, affecting the merits of the case, which rendered it necessary to set aside the award. Besides, there are eleven other exceptions', founded on the merits of the case, on which no decision has been given, and should this *152 Court affirm the awárd, the defendants will be deprived of the benefit of those exceptions, on which the Court of Common Pleas have never given an opinion, and on which it is impossible for this court to form ah opinion, because the evidence is not, and never can be legally brought before them. It was contended by the counsel for the plaintiffs, that the errors in fact, which the Court ©f Common Pleas say were confessed, were no more than clerical errors, and that the award ought to have been sent back to the referees to correct them. But it does not appear to us, that they were clerical errors, and as to sending the award back, to be corrected by the reférees, that is a matter which must rest in the discretion of the Court of Common Pleas, and in which we have no right to control them. I cannot perceive, therefore, any safe ground for reversing the judgment by which this award was set aside. But still, there is one point of law, on which the Court of Common Pleas gave an opinion, and of which it is of importance to the par», ties that the opinion of this court also should be expressed, because the same point may hereafter occur, I allude to the point specified in the eleventh exception, viz. “ that the referees have erred in giving a general award against all the defendants, when, in fact, Levi Phillips was the only defendant who received any of the sums stated; and there was no evidence before them that any of the other defendants received any part thereof.” The opinion of the Court of Common Pleas was, that upon the true construction of the agreement for entering the amicable action, each defendant was responsible for the money received by him, or her, and no-more. I am. of opinion that this is not the meaning of the agreement. The words are, “ that no advantage shall be taken, by either party, as to the form of suit, or the liability of the parties in it.” It seems, then, the parties were aware, that without this agreement, there would have been difficulty in supporting the plaintiffs’ claim, in this form of action. Now, the form of action is a joint action against three defendants, in which a joint judgment must be given. It would be error to give judgment against one defendant for a sum of money, and against another for another sum. The defendants were executors and trustees under the will of Joseph Simon. Large sums of money were to be collected for lands sold, and on general principles one trustee would not be responsible for collections made by another. These parties had been at law for some.time, and being weary of the contest, they were anxious to put an end to it by a reference. To simplify the proceedings, it was agreed that one suit should be brought against the three defendants, and the liability of both parties to the performance of the award to be made by the referees, was confessed. It is said to be unreasonable that one trustee should be responsible for money received by another. It is so, unless it be so agreed, and then it is not unreasonable. ’ In the present instance, it may be presumed, that the defendants, who agreed to be jointly responsi *153 ble, bad an understanding between themselves by which justice would be done. That was their affair? but the plaintiffs had nothing to do with it. The only question between the plaintiffs and defendants is, whether the defendants did not agree to-make themselves jointly responsible in this action; and, that they did so, appears to me so plain that. I am at. a loss for an argument to prove it. The words speak for themselves. A joint action is to be instituted against three persons, who expressly stipulate “ that no advantage shall be taken either as to the form of suit, or their liability.” I am of opinion, therefore, that the referees were right in awarding, that the sum due to the plaintiffs should be paid by the three defendants jointly; and the construction given to the agreement, by the Court of Common Pleas, was erroneous. But in setting aside the award, I can perceive no error, because it is manifest that the sum awarded in favour of the plaintiffs was too great, and the award could not have been confirmed without injustice.