[Sunbury, June 29, 1829.]

BELLAS, Esq. *against* LEVY, Esq.

IN ERROR.

A court of error will not examine into the merits of a report of referees, under the act of assembly of 1705, which has been confirmed by the court below.
Costs may be given under the statute of *Gloucester,* by the court to which a report of referees is made, though not found by the referees.

This was an amicable action on the case, entered in the Court of Common Pleas of *Northumberland* county, for the purpose of settling an account between *Daniel Levy,* Esq., the plaintiff below, and *Hugh Bellas,* Esq., the defendant below. The cause was submitted to referees under the act of assembly of 1705.

It appeared, from the evidence given by the referees on the hearing of exceptions filed to their report, that Mr. *Bellas,* as prothonotary, and Mr. *Levy,* as late prothonotary, had received each others costs, and an open unsettled account went on between them from the year 1814, until the institution of this suit, to *April* Term, 1825. Mr. *Bellas* kept a book of entries, but Mr. *Levy* kept none. Mr. *Bellas* marked what he received on the dockets of the court, but Mr. *Levy* did not. Mr. *Bellas* rendered various successive accounts to Mr. *Levy,* and paid him the balances appearing to be due upon them, to which no objection was made. They showed nothing to be due to Mr. *Levy.* No account was ever rendered by Mr. *Levy* to Mr. *Bellas,* until just before the institution of a former suit in 1823. No demand was ever made by Mr. *Levy,* nor was any pro-

(Bellas, Esq. v. Levy, Esq.)

mise to pay ever made by Mr. *Bellas;* both parties being ignorant of the true state of the account between them, and whether any balance was due on either side.

The plaintiff's claim was originally six hundred and eighty-six dollars, about half of which had been paid long previously. Before the referees it was reduced to three hundred and forty-six dollars, and by various credits, and costs belonging to the defendant, received by the plaintiff, the balance was further reduced to one hundred and forty-one dollars and forty-four cents. Upon this sum the referees allowed seventy-six dollars and thirty-two cents interest, but no costs. The costs amounted to about sixty dollars. The court entered judgment for principal, interest, and costs, and the defendant took a writ of error.

*Merril,* for the plaintiff in error.

1. Interest ought not to have been allowed on an unliquidated account. The defendant below was a trustee, and ready to pay over, and no demand was made upon him before the commencement of the action. There was no vexatious withholding of the money. Neither the plaintiff nor the defendant knew of the existence of the debt. *Williams* v. *Craig,* 1 *Dall.* 316. *Knight* v. *Reese,* 2 *Dall.* 182. *Newell* v. *Griswold,* 6 *Johns. Rep.* 45. 12 *Johns. Rep.* 156.

2. The court ought not to have given judgment for costs. They had no right to go beyond the award, and the referees did not give costs. 4 *Am. Dig.* 43. 1 *South,* 173. *Buckley* v. *Ellmaker,* 13 *Serg. & Rawle,* 71.

*Donnel* and *Lachells, contra,* referred to *Harker* v. *Elliott,* 7 *Serg. &. Rawle,* 284, and *Gratz* v. *Phillips,* 14 *Serg. &. Rawle,* 151, to show, that this court will not, on a writ of error, examine the proceedings of the referees, and go into the merits of the award, if it be good on its face. But the rule, with respect to interest, they said, was well settled. It is allowed where one man has had the use of money belonging to another, and the matter is confided to the jury under all the circumstances of the case. *Brown* v. *Van Braam,* 3 *Dall.* 349. If a factor do not remit with due diligence, he is chargeable with interest. *The People* v. *Gasherie,* 9 *Johns. Rep.* 71. Interest is allowed upon an open account, where there has been unreasonable and vexatious delay. *Williams* v. *Craig,* 1 *Dall.* 316. It was the duty of the defendant below to furnish the account, and show the balance due. In *The Lessee of Dilworth* v. *Sinderling,* 1 *Binn.* 494, interest was allowed on money lent in advance, and it is the same in this case, as if the money had been lent. They also cited, *Eckert* v. *Wilson,* 12 *Serg. & Rawle,* 398. 1 *Nott & M'Cord,* 395.

2. In respect to the costs, it was not necessary for the referees to find them expressly. Their award was not at common law, but one which is placed on the footing of a verdict, which need not find costs expressly.

(Bellas, Esq. *v.* Levy, Esq.)

PER CURIAM.—It is impossible to distinguish this case from *Cunningham* v. *Irwin*, 7 *Serg. & Rawle*, 247, and *Gratz* v. *Phillips*, 14 *Serg. & Rawle*, 144, in which a report of referees, under the act of assembly of 1705, like a verdict, was held to be subject to the legal discretion of the court. Here the question of interest being a question of damages, depending on the peculiar circumstances of the case, presents no point for the legitimate consideration of a court of error. But in *Gratz* v. *Phillips*, it was determined, that such a report cannot be touched here, although it depend on both fact and law. The question of costs, which arises on the face of the report, is properly determinable here; but, as this is not a reference at common law, the right to costs does not depend on the submission or the special terms of the award, but on the statute of *Gloucester*.

Judgment affirmed.