GRATZ and others, administrators of GRATZ, *against* LEVI PHILIPS, LEAH PHILIPS and BELIAH COHEN.

Where an agreement to enter an amicable action against several defendants, one of whom was a married woman, at the time of its execution, contained a stipulation, "that no advantage be taken by either party, as to the form of suit, or the liability of the parties in it," it seems that after verdict and judgment, in the Circuit Court, a *nolle prosequi*, as to the *feme covert*, may be entered in the Supreme Court, to which the cause has been carried by the appeal of the defendants.

Appeal from the Circuit Court of *Lancaster* county, held by *Kennedy*, Justice, from a judgment upon a verdict in favor of the plaintiff.

This action was tried before in the Circuit Court, and taken by appeal to the Supreme Court, and is reported in 1 *Penn. Rep.* 333, to which reference may be had for the general statement of the case, and the argument of counsel; which is there fully given: it is here necessary only to understand the point upon which the following opinion was given, to repeat that the action was instituted by the following agreement:

*Simon Gratz, Joseph Gratz, and Jacob Gratz, administrators of Michael Gratz, deceased.*

vs.

*Levi Philips, Leah Philips, and Beliah Cohen.*

Amicable action in the Common Pleas of *Lancaster* county, of January term, 1822. Case.

We agree that the above action on the case, be entered in the Common Pleas of *Lancaster* county, of the term of January, 1822: And we do hereby refer all matters unsettled and in variance between the parties, to *Casper Shaffner*, junior, *John Reynolds*, and *Joseph Ogleby*, or to a majority of them, to meet at the house of Col. *Jacob Slough*, in the city of *Lancaster*, at any time the parties shall agree upon, upon thirty day's notice, and to make their award into the Prothonotary's office, with power to adjourn from time to time, until the cause shall be decided; and it is agreed that the arbitrators shall have no power in relation to any lands unsold at the time of instituting this suit, *and that no advantage be taken by either party,* as to the form of suit, *or the liability of the parties in it*, and that the award and judgment thereon be final.    Witness our hands, this 22d January, A. D. 1832.

> SIMON GRATZ, *one of the admr's. of Michael Gratz.*
> LEVI PHILIPS, *executor of Joseph Simon,*
> MOLTON C. ROGERS, *attorney for defendants.*
> J. SIMON COHEN, *attorney for defendants.*
> WM. NORRIS, *attorney for plaintiffs.*

(Gratz's adm'rs. *v.* Philips.)

The award made under the above agreement was set aside. Narr. was then filed, 3d November, 1827, in assumpsit for money had and received by defendants. Defendants plead non assumpserunt, *actio non accrevit infra sex unnos,* payment with leave, &c. set-off; replication, *non solvit,* that the action did accrue within six years, and issues. Replication afterwards added, that moneys were received by defendants, as trustees, to which there was no rejoinder.

*Leah Philips* was a *feme covert,* being the wife of *Levi Philips,* when this agreement was executed.

*Champneys* and *Cohen,* for the appellants; and

*Montgomery* and *Norris,* for the appellees.

The following opinion was delivered by

Gibson, C. J.—Concurring with the judge who tried the cause' as to the merits, it is necessary, but to consider how far the verdict is affected by Mrs. *Philips'* coverture; and on this point, I understand my brother *Kennedy* joins in the opinion I expressed when the case was here before. But taking for granted what it seems to me cannot well be controverted, that the verdict cannot be sustained against all the defendants, on the foundation of the general and inherent powers of the jury, may it not be sustained against all who had capacity to bind themselves on the foundation of the agreement "to take no advantage as to the form of suit, *or the liability of the parties in it?"* The object of this clause was manifestly to preclude objection for want of general and uniform liability; and we are to interpret it so as to give it its greatest effect. Such was the exposition of it on another occasion, 14 *Serg. & Rawle,* 152, when it was held that a general report of referees would have been good against Mrs. *Cohen,* by force of the agreement, though it was admitted that she had received no part of the trust fund. And the present verdict would unquestionably be good against Mrs. *Philips,* were she, like Mrs. *Cohen,* capable of making an agreement. The other defendants, however, being indisputably bound, are entitled to no advantage from her disability; and what remains is to settle the mode of giving entire effect to the agreement. This, it seems to me, may be done by entering a *nolle prosequi,* as to Mrs. *Philips,* and signing judgment against the other. The usual objection to this as a remedy for error in joinder of action, cannot be made in a case like the present, where the defendants are estopped by their agreement from asserting that Mrs. *Philips,* was not originally liable, or that her coverture does not operate a subsequent personal exemption. The powers of the jury

(Gratz's adm'rs. *v.* Philips.)

under the agreement, are as extensive as were those of the arbitra-, tors who might unquestionably have awarded in her favor, and against all the rest; and if a jury might dispose of her case separately, it would be useless to incur the expense of another trial in obtaining a result that may be had without it.

KENNEDY, J.—Concurred with the Chief Justice.

Ross, J. and HUSTON, J. thought that a *nolle prosequi,* was not necessary.

ROGERS, J.—Having been of counsel in the cause, took no part.

The plaintiff then entered a *nolle prosequi,* as to Mrs. *Philips,* and the court affirmed the judgment on the verdict against the other defendants.

Judgment affirmed.