FILED
United States Court of Appeals
Tenth Circuit

January 21, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ENRIQUE TAFOLLA-ZAVALA,

Defendant - Appellant.

No. 09-1057
(D.C. No. 08-CR-00319-WYD-1)
(D. Colo.)

---

ORDER AND JUDGMENT[*]

---

Before **KELLY**, **BRISCOE**, and **HOLMES**, Circuit Judges.[**]

---

Defendant-Appellant Enrique Tafolla-Zavala pled guilty to illegal reentry subsequent to deportation following a conviction for transporting illegal aliens. 8 U.S.C. § 1326(a), (b)(2). Based on a total offense level of 21 and a criminal history category of IV, he was sentenced to 57 months' imprisonment and three years' supervised release. 1 R. 44-45; 2 R. 23. Mr. Tafolla-Zavala's counsel

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1(G). The cause is therefore ordered submitted without oral argument.

filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), and moved to withdraw. Mr. Tafolla-Zavala responded requesting other counsel. Our jurisdiction arises under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a). We decline to appoint other counsel, dismiss the appeal and grant counsel's motion to withdraw.

In Anders, the Supreme Court held that if appointed counsel "finds his case to be wholly frivolous, after a conscientious examination of it, he should so advise the court and request permission to withdraw." 386 U.S. at 744. Counsel must submit to the court a brief addressing "anything in the record that might arguably support the appeal." Id. When counsel submits an Anders brief accompanied by a motion to withdraw, we "conduct a full examination of the record to determine whether defendant's claims are wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005). If we concur in counsel's evaluation of the case, we may grant the request to withdraw and dismiss the appeal. Anders, 386 U.S. at 744.

Counsel provided a copy of the Anders brief to Mr. Tafolla-Zavala, as well as the motion to withdraw. Aplt. Br. at 1, 18; Motion at 5. This court also provided notice to him in accordance with 10th Cir. R. 46.4(B)(2). As noted, Mr. Tafolla-Zavala wrote the court requesting other counsel.

After reviewing the record, we agree with counsel's assessment that no meritorious issues exist on appeal. The only arguable basis for an appeal is that

- 2 -

the plea agreement and the plea colloquy indicated an eight-level upward adjustment based on a conviction for an aggravated felony, U.S.S.G. § 2L1.2(b)(1)(C) (2004), when in fact the proper adjustment was sixteen levels for an alien smuggling offense, U.S.S.G. § 2L1.2(b)(1)(A)(vii). Although the plea agreement anticipated an advisory guideline range of 12-41 months, 1 R. 12, the PSR indicated an advisory guideline range of 57-71 months with a recommended 57-month sentence. 3 R. 17, R-1. Counsel did not object to the PSR and agreed with the recommendation. 2 R. 21.

Despite this change, the record reflects that Mr. Tafolla-Zavala's plea was entered knowingly and voluntarily. He was advised of the statutory 20-year maximum. 1 R. 9, 15 (plea agreement); 2 R. 10 (plea colloquy). He was also advised that any sentencing computation was advisory, and that the court was free to reach its own conclusion. 1 R. 11-12, 18 (plea agreement); 2 R. 10 (plea colloquy). This simply was not a plea agreement with a specific sentence that would bind the court. See Fed. R. Civ. P. 11(c)(1)(C). The court did indicate that the advisory guideline sentence, depending upon criminal history, could range from 12 to 41 months, but again stated that no sentencing decision could be made until the PSR had been prepared and reviewed by the court. 2 R. 10, 14 (plea colloquy); 1 R. 26 at ¶ 15; 35 at ¶ 15 (plea agreement). Mr. Tafolla-Zavala expressed his desire to plead guilty–"at this point all I would like is just to be able to do whatever time I need to do and get it done as soon as possible and just

- 3 -

get back to Mexico–" and nothing suggests that had he known the correct guideline range, he would have insisted upon going to trial. 2 R. 17-18.

Any error as to the procedural or substantive reasonableness of the sentence was waived when counsel indicated agreement with the sentence to be imposed, 2 R. 21. See United States v. Mancera-Perez, 505 F.3d 1054, 1059 (10th Cir. 2007). Appointment of other counsel is not warranted given the careful presentation by appellate counsel and the lack of meritorious issues.

We therefore DISMISS Mr. Tafolla-Zavala's appeal. We GRANT counsel's motion for leave to withdraw and DENY Mr. Tafolla-Zavala's request for other counsel.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge