**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 4, 2015**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

JASON RYAN EATON,

Defendant-Appellant.

No. 15-5050

(D.C. No. 4:15-CV-00035-TCK-FHM
& D.C. No. 4:98-CR-00086-TCK-1)

(N.D. Oklahoma)

**ORDER DENYING A CERTIFICATE OF APPEALABILITY**
**AND DISMISSING THE APPEAL**

Before **GORSUCH**, **McKAY**, and **BACHARACH**, Circuit Judges.

This appeal centers on the issue of timeliness. Mr. Jason Eaton moved to vacate his conviction, but not until almost fourteen years had passed since his conviction became final. Based on that delay, the district court dismissed the action.

Mr. Eaton seeks to appeal. To appeal, however, he must justify a certificate of appealability. 28 U.S.C. § 2253(c)(i)(B) (2012). We can issue a certificate of appealability only if Mr. Eaton's argument on timeliness is at least reasonably debatable. *See Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007) (holding that when the district court denies a habeas

corpus petition based on timeliness, the court of appeals can issue a certificate of appealability only if the district court's decision on timeliness is at least reasonably debatable). Because Mr. Eaton has not presented a reasonably debatable argument on timeliness, we dismiss the appeal.

Based on a guilty plea, Mr. Eaton was convicted of (1) using a firearm during a crime of violence and (2) interfering with commerce by threats or violence. Seeking vacatur of this conviction, Mr. Eaton invokes 28 U.S.C. § 2255 and claims that (1) the crime involved local law, rather than federal law, because of the absence of an effect on interstate commerce and (2) the conviction violated the Tenth and Fourteenth Amendment and principles of federalism.

Mr. Eaton's initial hurdle involves timeliness. Under § 2255, Mr. Eaton would ordinarily have only one year to file the motion. *See* 28 U.S.C. § 2255(f) (2012). The timeliness issue would turn on when the one-year period started. It ordinarily would begin when the conviction became final. 28 U.S.C. § 2255(f)(1) (2012). Under this general rule, the period would have begun in 2001 because that is when the Supreme Court denied certiorari in the direct appeal. *See United States v. Gabaldon*, 522 F.3d 1121, 1123 (10th Cir. 2008) (stating that under § 2255, the conviction becomes final when the Supreme Court denies certiorari).

2

Mr. Eaton relies on 28 U.S.C. § 2255(f)(3). Under this section, the one-year period may be extended when the § 2255 motion is based on a Supreme Court decision newly recognizing a constitutional right. Invoking this provision, Mr. Eaton argues that the Supreme Court recognized a new constitutional right in *Bond v. United States*, __ U.S. __, 134 S. Ct. 2077 (2014). Mr. Eaton is mistaken.

In *Bond*, the Supreme Court interpreted a statute criminalizing the possession and use of a chemical weapon. Through this interpretation, the Court concluded that the statute did not reach a wife's attempt to injure her husband's lover with a chemical irritant. *Bond*, __ U.S. at __, 134 S. Ct. at 2093. *Bond* rested on interpretation of a statute, not the Constitution. *See United States v. Hale*, 762 F.3d 1214, 1214, 1224 (10th Cir. 2014) ("The Supreme Court declined to reach the constitutional issue in Bond." (citing *Bond*, __ U.S. __, 134 S. Ct. at 2087)); *see also* Sarah H. Cleveland & William S. Dodge, *Defining & Punishing Offenses Under Treaties*, 124 Yale L.J. 2202, 2204 (2015) (stating that in *Bond v. United States*, the Supreme Court relied on statutory interpretation, avoiding the constitutional question presented).

Because *Bond* did not rest on the Constitution, the decision did not newly recognize a constitutional right. And in the absence of a newly recognized constitutional right, Mr. Eaton cannot base the start-date of the limitations period on the Supreme Court's decision in *Bond*.

Instead, the one-year period started in 2001, when the conviction became final. Mr. Eaton waited almost fourteen years to seek habeas relief, even though the statute provided a limitations period of only one year. As a result, no jurist could reasonably debate the timeliness of Mr. Eaton's § 2255 motion. In these circumstances, we (1) decline to issue a certificate of appealability and (2) dismiss the appeal.

Entered for the Court


Robert E. Bacharach
Circuit Judge