FILED
United States Court of Appeals
Tenth Circuit

February 22, 2016

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENH CIRCUIT**

UNITED STATES OF AMERICA,

      Plaintiff - Appellee,

v.

MICHAEL WAYNE CHERRY,

      Defendant - Appellant.

No. 15-7037
(D.C. No. 6:13-CR-00093-RAW-1)
(E.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

Defendant-Appellant Michael Wayne Cherry appeals from the district court's determination that his prior felony convictions qualify as three predicate violent felonies under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

## Background

In 2014, Mr. Cherry was convicted of being a felon in possession of a firearm. 18 U.S.C. § 922(g)(1). According to the presentence report (PSR), Mr. Cherry was eligible for sentencing under the ACCA, which authorizes an enhanced penalty for a person who violates § 922(g) and has three previous convictions for crimes that meet the definition of a "violent felony" that were "committed on occasions different from one another." Id. § 924(e)(1). Mr. Cherry's three prior convictions were: (1) robbery by force and fear, Muskogee County Case No. CRF-1993-9 (two counts); (2) assault with a dangerous weapon, Muskogee County Case No. CRF-1993-8; (3) assault and battery with a dangerous weapon, Muskogee County Case No. CRF-1997-345. See 3 R. 6–8.

Mr. Cherry objected, arguing that his robbery conviction was not a violent felony and that all his criminal convictions in 1993 stemmed from the same course of conduct and should only count as one predicate conviction under the ACCA. See id. at 36–56. The district court overruled the objections, finding that Mr. Cherry's three prior convictions were violent felonies committed on different occasions. Specifically, the court noted the robbery conviction was a violent felony, because it satisfied "both prongs" of the ACCA, qualifying as a predicate offense under § 924(e)(2)(B)(I) (the "force clause") and § 924(e)(2)(B)(ii) (the "residual clause"). 2 R. 21–22. The court also found that the robbery and the assault that Mr. Cherry committed in 1993 were separate and distinct because

they targeted different victims and occurred on different days.  See id. at 24.

Using an offense level of 33—required by his ACCA adjustment—and a criminal history of category IV, the court determined the guideline range was 188 to 235 months.  Mr. Cherry was sentenced to 188 months' incarceration and three years' supervised release.

**Discussion**

Federal law prohibits convicted felons from possessing firearms, imposing a punishment of at least 15 years' imprisonment for violators with three or more prior convictions for serious drug offenses or violent felonies under the ACCA. 18 U.S.C. §§ 922(g), 924(e)(1); Johnson v. United States, 559 U.S. 133, 136 (2010).

On appeal, Mr. Cherry disputes that his prior convictions qualify him for this enhanced punishment.  He reopens two challenges: first, that his conviction in 1993 was for conjoint robbery, which is arguably not a violent felony as defined by the ACCA, and second, that his convictions in 1993 should be counted as a single predicate because they were not "committed on occasions different from one another."  We review both claims de novo.  See United States v. Johnson, 130 F.3d 1420, 1430 (10th Cir. 1997).  For the reasons explained below, we disagree.

A. *The 1993 Robberies*

To succeed on his first claim, Mr. Cherry faces two hurdles. He first must demonstrate his robbery conviction was for conjoint robbery in violation of Okla. Stat. tit. 21, § 800 ("section 800"), and not—as the district court found—for robbery by force and fear in violation of Okla. Stat. tit. 21, § 791 ("section 791"). If he succeeds, then he must show that conjoint robbery is not a violent felony as defined by the ACCA. Mr. Cherry fails, however, to clear the first hurdle, because according to the judgment, he was convicted of robbery by force and fear pursuant to section 791, a violent felony under the ACCA.

The record on appeal contains two references to the robbery conviction in 1993: the judgment and the charging information. The judgment, although not part of the record, is referenced in Mr. Cherry's PSR. Citing the judgment, the PSR provides that on March 15, 1993, Mr. Cherry was convicted of two counts of "Robbery by Force and Fear" pursuant to section 791. 3 R. 6. Mr. Cherry does not dispute the wording of the judgment.[1] The charging information contains two relevant details: a caption that sets out a charge for "robbery by force & fear" citing section 791 and a description that alleges Mr. Cherry and another defendant "while acting *conjointly*, each *aiding and abetting* the other" wrongfully took another's property. 1 R. Supp. 3 (emphasis added). The information also

_____

[1] During oral argument, Mr. Cherry's attorney began by acknowledging that the judgment found Mr. Cherry was convicted of robbery under section 791. Oral Arg. at 1:29 ("[Section] 791. That's what the judgment says.").

describes how the defendants accomplished this "by means of force or violence" in count one and "by committing an assault" on the victim in count two. Id.

Asking this court to focus on the "aiding and abetting" language in the information, Mr. Cherry argues that he was actually charged with—and convicted of—conjoint robbery. He points out that the language in the information matches the statutory language of section 800.[2] He maintains this court should disregard the information's caption, which cites section 791, because in Oklahoma the "character of the offense" is determined by language in the body; the caption is only a convenience. See G.E.D. v. Oklahoma, 751 P.2d 755, 756 (Okla. Crim. App. 1988).

His argument fails because we need not reach the information. The final judgment is not ambiguous. As the government urged in oral argument—and is confirmed by the PSR—the judgment apparently contains no reference to the words "conjoint." Oral Arg. at 17:06. It contains no reference to the words "aiding and abetting." Id. at 17:08. As we understand it, it contains no reference to section 800. Id. at 17:10. Thus, we have no reason to look beyond the judgment of conviction. Our inquiry begins and ends there.

---

[2] This statute provides: "Whenever two or more persons conjointly commit a robbery or where the whole number of persons conjointly commits a robbery and persons present and aiding such robbery amount to two or more, each and either of such persons shall be guilty of a felony punishable by imprisonment in the State Penitentiary for not less than five (5) years nor more than fifty (50) years." Okla. Stat. tit. 21, § 800.

B. *The 1993 Robberies and the 1993 Assault Were Separate and Distinct*

In addition to three prior violent felony convictions, the ACCA requires each felony be "committed on occasions different from one another." 18 U.S.C. § 924(e)(1). Mr. Cherry's second argument is that his robbery and assault convictions in 1993 "occurred in a single ongoing occasion," and therefore he lacks the three required predicates for an ACCA enhancement. Aplt. Br. at 24.

We have long interpreted the phrase "committed on occasions different from one another" to include "multiple criminal episodes distinct in time." United States v. Tisdale, 921 F.2d 1095, 1098–99 (10th Cir. 1990). Criminal acts—even those that are similar and occur closely in time—may constitute separate, predicate offenses when the defendant could have chosen to stop his illegal conduct but continued nonetheless. See United States v. Delossantos, 680 F.3d 1217, 1220 (10th Cir. 2012). For example, a defendant who burglarized three businesses within the same shopping mall in a single night committed three separate and distinct criminal episodes. Tisdale, 921 F.2d at 1099. After burglarizing one business, the defendant was free to leave but instead continued his spree. Id.

Under this rubric, Mr. Cherry's criminal acts were separate and distinct. The robberies and assault targeted different victims. The crimes occurred miles apart and at different times. Mr. Cherry committed the robberies with a co-defendant; he committed the assault on his own. See generally United States v.

<u>Boman</u>, 810 F.3d 534, 543–44 (8th Cir. 2016) (finding a defendant's two prior convictions that occurred on the same day and both involved a gun were separate and distinct under the ACCA because they involved different victims, were separated by about 90 minutes, and occurred in different locations).

Mr. Cherry argues that the government did not meet its burden of proving, by a preponderance of the evidence, that the acts were separate and distinct. <u>See</u> <u>Delossantos</u>, 680 F.3d at 1219 (noting the government's burden of proof). The evidence in the record, however, supports a finding that the enhancement was appropriate. The district court properly relied on the information in concluding the crimes were separate and distinct. Mr. Cherry also claims that for the crimes to be truly separate and distinct, he would have had to reach "a safe haven" after completing a criminal act before launching into another unlawful act. <u>See</u> Aplt. Br. at 26. The law does not require a period of such security. It asks, instead, whether a defendant could have ended his criminal spree but chose instead to continue. Here, Mr. Cherry chose to continue.

## C. Johnson *Error*

Finally, we recognize that the district court determined that Mr. Cherry's 1993 conviction for robbery satisfied "both prongs"—the force and residual clauses—of the ACCA. <u>See</u> 2 R. 21–22. We now know that the residual clause of the ACCA violates due process because it is "unconstitutionally vague." <u>See</u> <u>Johnson v. United States</u>, 135 S. Ct. 2551, 2557 (2015). The predicate

convictions, however, need only qualify under one of the ACCA's clauses to make Mr. Cherry eligible for the sentencing enhancement. Accordingly, the Supreme Court's holding in <u>Johnson</u> does not disturb the district court's determination that Mr. Cherry's prior convictions of robbery, assault, and assault and battery are predicate offenses under the force clause. <u>See, e.g.</u>, <u>United States v. Taylor</u>, 800 F.3d 701, 719 (6th Cir. 2015).

AFFIRMED. Mr. Cherry's motion to unseal his objections to the PSR is DENIED.[3]

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge

---

[3] Local rules instruct the defendant not to file objections with the district court, and therefore, the court properly sealed the objections. <u>See</u> E.D. Okla. Crim. R. 32.1(b) (dictating that responses "shall not be filed with the United States Court Clerk, in order to preserve the confidentiality of the Presentence Report").