**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 17, 2017**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

NEIL JASON WILFONG,

    Defendant - Appellant.

No. 16-6342
(D.C. Nos. 5:16-CV-00217-F
and 5:11-CR-00192-F-1)
(W.D. Oklahoma)

_____

**ORDER DENYING**
**CERTIFICATE OF APPEALABILITY**[*]
_____

Before **PHILLIPS**, **McKAY**, and **McHUGH**, Circuit Judges.
_____

Neil Jason Wilfong, through counsel, appeals the district court's order denying

his motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence.

Exercising jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), we deny Mr. Wilfong's

application for a certificate of appealability (COA).[1]

**BACKGROUND**

On September 6, 2011, a federal grand jury charged Mr. Wilfong in a one-

count superseding indictment with possession of a firearm after a felony conviction

---

[*] This order is not binding precedent, except under the doctrines of law of the
case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive
value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] Although Mr. Wilfong did not file an application for a COA in this court, we
construe his notice of appeal as a request for a COA. *See* 10th Cir. R. 22.1(A).

in violation of 18 U.S.C. § 922(g)(1). On September 19, 2011, a jury found Mr. Wilfong guilty of that charge.

Before sentencing, the United States notified Mr. Wilfong that it intended to seek a sentencing enhancement under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e). The ACCA sets a mandatory minimum sentence of 15 years for a felon with three or more prior convictions for a "serious drug offense" or a "violent felony." *Id.* The ACCA defines violent felony as a crime that is punishable by more than one year in prison and that falls within one or more of the following categories: (1) it "has as an element the use, attempted use, or threatened use of physical force against the person of another" (the elements clause); (2) it "is burglary, arson, . . . extortion, or involves use of explosives" (the enumerated-offenses clause); or (3) it "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the residual clause). *Id.* § 924(e)(2)(B).

The United States Probation Office determined Mr. Wilfong was subject to an enhanced sentence based on a federal conviction for use of a telephone to make a threat as to an explosive device, a state conviction for larceny from a person, and two state convictions for assault with a dangerous weapon. Mr. Wilfong challenged the use of the federal conviction and the state larceny conviction as bases for applying the enhancement.

The court rejected Mr. Wilfong's position and concluded that his federal conviction for use of a telephone to make a threat as to an explosive device under 18 U.S.C. § 844(e) was a violent felony under the elements clause, and that his larceny

2

conviction was a violent felony under the residual clause. The court then sentenced

Mr. Wilfong to 300 months' imprisonment, followed by 5 years' supervised release.

On direct appeal, we upheld his conviction and sentence. *See United States v. Wilfong*, 528 F. App'x 814 (10th Cir. 2013) (unpublished). Concerning whether a sentencing enhancement was appropriate under the ACCA, Mr. Wilfong conceded on appeal that his two convictions for assault with a dangerous weapon were violent felonies. *Id.* at 820. Noting that only one additional violent-felony conviction was needed to justify the enhancement, we held that Mr. Wilfong's larceny conviction fell within the ACCA's residual clause. *Id.* at 820–21. We therefore did not address whether Mr. Wilfong's federal conviction under § 844(e) qualified as a violent felony under the Act, leaving the district court's conclusion undisturbed. We issued our opinion on June 20, 2013, and our mandate on July 12, 2013, making Mr. Wilfong's conviction and sentence final.[2]

On March 4, 2016, Mr. Wilfong filed a 28 U.S.C. § 2255 motion based on the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). In *Johnson*, which issued on June 26, 2015, the Court held that imposing an enhanced sentence under the ACCA's residual clause violates the Due Process Clause because the residual clause is impermissibly vague. *Id.* at 2557. The Court, however, explicitly stated that its decision "does not call into question application of the

_____

[2] On September 17, 2015, Mr. Wilfong moved this court to recall the mandate in view of *Johnson v. United States*, 135 S. Ct. 2551 (2015). We denied the motion on September 25, 2015, concluding that Mr. Wilfong may only challenge the validity of his sentence in a 28 U.S.C. § 2255 motion. Mr. Wilfong then filed a petition for writ of certiorari, which the Supreme Court denied on February 28, 2016.

[ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.* at 2563. The Court later made *Johnson*'s holding retroactive to cases on collateral review in *Welch v. United States*, 136 S. Ct. 1257, 1265 (2016).

In its court-ordered response to Mr. Wilfong's motion, the United States conceded that Mr. Wilfong's *Johnson*-based challenge to his larceny conviction was timely under § 2255(f)(3). It also conceded that Mr. Wilfong's larceny conviction is no longer a violent felony after *Johnson*. But it maintained that Mr. Wilfong's other challenges to his convictions for assault with a dangerous weapon and his conviction for using a telephone to make a threat as to an explosive device are time-barred because they were brought more than one year after the date his judgment became final. *See* 28 U.S.C. § 2255(f)(1). The United States explained that *Johnson* did not affect the elements or the enumerated clauses of the ACCA, and thus Mr. Wilfong could not challenge his other three convictions under *Johnson*. And as a result, the United States argued, Mr. Wilfong still had the three necessary predicate offenses to justify an enhanced sentence under the ACCA. The United States also argued that, even if the challenges were timely, Mr. Wilfong's other convictions were violent felonies under the ACCA.

The district court largely agreed with the United States. Relying on *United States v. Mitchell*, 653 F. App'x 639 (10th Cir. 2016) (unpublished), the court first ruled that Mr. Wilfong's convictions for assault with a dangerous weapon qualify as violent felonies under the elements clause. Moving to Mr. Wilfong's federal conviction under § 844(e), the court held:

4

> Because the court concluded [at sentencing] that [Mr. Wilfong's] conviction fell under the elements clause, the court concludes that *Johnson* is not implicated and [Mr. Wilfong] cannot challenge his federal prior conviction under *Johnson*. Such challenge would be barred by the one-year time limitation set forth in 28 U.S.C. § 2255(f). Because *Johnson* does not call into question the elements clause, *see Johnson*, 135 S. Ct. at [2]563, the court finds its previous ruling stands and defendant has three prior convictions which qualify as violent felonies. Thus, [Mr. Wilfong] is not entitled to § 2255 relief.

The district court then denied Mr. Wilfong a COA. And Mr. Wilfong now appeals.

## DISCUSSION

On appeal, Mr. Wilfong does not contest the district court's conclusion that his convictions for assault with a dangerous weapon qualify as violent felonies under the ACCA's elements clause. He instead argues that his conviction for using a telephone to make a threat as to an explosive device under 18 U.S.C. § 844(e) is not a violent felony, and that he received ineffective assistance of counsel on direct appeal based on his appellate counsel's failure to argue the sentencing court erred when it relied on the underlying facts in the presentence report to define the elements of the § 844(e) conviction. Mr. Wilfong concedes that his arguments hinge on whether his challenge to the § 844(e) conviction is timely.

A prisoner challenging a district court's denial of a 28 U.S.C. § 2255 motion must obtain a COA as a jurisdictional prerequisite to proceed with an appeal. 28 U.S.C. § 2253(c)(1)(B). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). "The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529

5

U.S. 473, 484 (2000). Because the issue here is timing, we may issue a COA only if Mr. Wilfong's argument on timeliness is at least reasonably debatable. *See United States v. Eaton*, 614 F. App'x 380, 380 (10th Cir. 2015) (unpublished) (citing *Laurson v. Leyba*, 507 F.3d 1230, 1232 (10th Cir. 2007)).

Mr. Wilfong would ordinarily have only one year to file his motion from "the date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). That window has, of course, come and gone. Mr. Wilfong thus relies on § 2255(f)(3), under which the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review."

Mr. Wilfong argues that *Johnson* supplies the "right asserted" allowing the one-year period to run from June 26, 2015, the date *Johnson* was decided. But we agree with the district court that *Johnson* is not implicated because the sentencing court concluded that Mr. Wilfong's § 844(e) conviction is a violent felony under the elements clause, not the residual clause. And the Court in *Johnson* only held that the residual clause is unconstitutionally vague, explicitly stating that its "decision d[id] not call into question application of the [ACCA] to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." 135 S. Ct. at 2563. Thus, *Johnson* does not afford Mr. Wilfong the relief he seeks. *See United States v. Taylor*, No. 16-6223, 2016 WL 7093905, at *2 (10th Cir. Dec. 6, 2016) (unpublished); *In re Encinias*, 821 F.3d 1224, 1225 n.2 (10th Cir. 2016) (per curiam); *United States v.*

*Cherry*, 641 F. App'x 829, 833 (10th Cir. 2016) (unpublished); *Traxler v. United States*, No. 1:16-cv-747, 2016 WL 4536329, at *5 (W.D. Mich. Aug. 31, 2016).

Mr. Wilfong insists that 28 U.S.C. § 2255(a) allows a prisoner to bring a claim that his sentence "was in excess of the maximum authorized by law," and it was only after *Johnson* that the allegedly improper characterization of his § 844(e) conviction made his § 922(g) sentence "in excess of the maximum authorized by law." But Mr. Wilfong's § 844(e) conviction was not found to be a violent felony under the residual clause. And he therefore cannot rely on *Johnson* to collaterally attack his sentence, or to extend the one-year time limitation on bringing a § 2255 motion. His claim, filed more than one year after the date his judgment of conviction became final, is time barred. We decline to issue a COA, and dismiss this matter.

Entered for the Court


Carolyn B. McHugh
Circuit Judge