**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**July 12, 2019**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEFFREY CHARLES ZANDER,

    Defendant - Appellant.

No. 19-4024
(D.C. No. 2:10-CR-01088-DN-1)
(D. Utah)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **McHUGH**, **KELLY**, and **MORITZ**, Circuit Judges.[**]
_____

Defendant-Appellant Jeffrey Zander appeals from a 10-month sentence

imposed after the district court revoked his supervised release. He also requested

that the court expedite consideration of his appeal. Our jurisdiction arises under 18

U.S.C. § 3742(a). We grant his request to expedite and remand for resentencing.

---

    [*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

    [**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

**Background**

In 2013, Mr. Zander was convicted of two counts of mail fraud (18 U.S.C. § 1341), two counts of wire fraud (18 U.S.C. § 1343), one count of money laundering (18 U.S.C. § 1957), and three counts of failure to file federal tax returns (26 U.S.C. § 7203). His conviction and sentence were affirmed on direct appeal. See United States v. Zander, 794 F.3d 1220 (10th Cir. 2015).

After his imprisonment, his 36 months' supervised release period began on July 9, 2018. 2 R. 19. Soon after his supervised release period began, Mr. Zander violated three terms of his release. His first alleged violation stemmed from his arrest in Nebraska on an outstanding warrant for writing bad checks. Id. at 16, 18. One condition of his release required him to report any arrest to his probation officer within 72 hours. Id. at 18. He failed to do so. Id. His second and third alleged violations stemmed from one incident. Another condition of his release prohibited him from committing another federal, state, or local crime. Id. He was arrested in Salt Lake City after stealing a woman's purse and using her credit cards at a grocery store. Id. at 19. This conduct constituted two state crimes: (1) receiving a financial transaction card with intent to use it, and (2) theft. Id. at 18.

The Probation Office prepared a violation report in anticipation of a revocation hearing. Id. at 16. The violation report stated that the highest-grade violation was Grade B and that Mr. Zander's criminal history category was I. Id. at 21. That yielded a recommended guideline range of four to ten months' imprisonment. Id. The report did not break down the grade of violation by individual allegation.

2

At the revocation hearing, the United States agreed to dismiss the second allegation (committing the offense of receiving a financial transaction card with intent to use it) in return for Mr. Zander admitting to the first and third allegations (failure to report his arrest within 72 hours and committing the crime of theft, respectively). 3 R. 3–4. Despite the dismissal of the second allegation, the court sentenced him to 10 months' imprisonment, followed by 26 months' supervised release. Id. at 10. The 10-month sentence was the high end of the guideline range for a Grade B violation. 2 R. 21. Mr. Zander did not object. He now appeals from that sentence.

**Discussion**

Because Mr. Zander did not contemporaneously object to his sentence in the district court, he is subject to the plain error standard on appeal. United States v. Garcia-Caraveo, 586 F.3d 1230, 1232 (10th Cir. 2009). Plain error requires him to show that the district court (1) committed an error, (2) that was plain or obvious, (3) that affected his substantial rights, and (4) that seriously affects the fairness, integrity, or public reputation of judicial proceedings. See Rosales-Mireles v. United States, 138 S. Ct. 1897, 1904–05 (2018).

The district court was only sentencing Mr. Zander on the admissions that he failed to report his arrest to probation within 72 hours and committed the state crime of theft. Here, the theft was a misdemeanor under Utah law because the value of the

3

property stolen was less than $1,500[1] and therefore only punishable by imprisonment for less than a year. See Utah Code Ann. §§ 76-6-412(1)(c)–(d), 76-3-204. The guidelines provide that a Grade C violation is conduct constituting either (1) a federal, state, or local offense punishable by a term of imprisonment of one year or less; or (2) a violation of any other condition of supervision. U.S.S.G. § 7B1.1(a)(3). Thus, both the theft and the reporting violation were Grade C violations. Because Mr. Zander was sentenced using the incorrect guideline range, he has met the first and second elements of the plain error standard.

Mr. Zander must next show that the district court's plain error affected his substantial rights and affected the integrity of judicial proceedings. When a district court bases its sentencing decision on a miscalculation of the applicable guideline range, we presume that a defendant was prejudiced by that error. United States v. Sabillon-Umana, 772 F.3d 1328, 1333 (10th Cir. 2014). This is because "the Guidelines are not only the starting point for most federal sentencing proceedings but also the lodestar." Molina-Martinez v. United States, 136 S. Ct. 1338, 1346 (2016). So, if "the court's starting point is skewed" it stands to reason that "its final sentence is skewed too." Sabillon-Umana, 772 F.3d at 1333. The government recognizes that the plain error standard applies and does not object to Mr. Zander's resentencing. Aplee. Br. at 5. Mr. Zander has established plain error.

---

[1] The parties inform us that the loss amount was $1,100. Aplt. Br. at 8; Aplee. Br. at 7.

4

We GRANT Mr. Zander's motion to expedite and the case is REMANDED with instructions to vacate Mr. Zander's sentence and resentence him using the correct guideline range.

Entered for the Court

Paul J. Kelly, Jr.
Circuit Judge